UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

RACHEL LYNN MAGLIULO,    CIVIL ACTION NO.:_____
MATTHEW SHEA WILLIS,
KIRSTEN WILLIS HALL AND
THE STATE OF LOUISIANA, BY
AND THROUGH ATTORNEY
GENERAL JEFF LANDRY

VERSUS           JUDGE:

EDWARD VIA COLLEGE OF    MAGISTRATE JUDGE:
OSTEOPATHIC MEDICINE

## MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION

NOW INTO COURT, through undersigned counsel, comes Plaintiffs, Rachel Lynn Magliulo,

Matthew Shea Willis and Kirsten Willis Hall and the State of Louisiana, by and through its Attorney

General Jeff Landry who respectfully aver as follows:

### Overview

Louisiana Revised Statute, Title 17, Section 170 addresses the vaccination requirements

for persons entering schools, including colleges in the State of Louisiana.  While this statute sets

forth the "required" vaccinations, it safeguards the individual's right to seek an exemption based

on medical reasons or based on "a written dissent."  Specifically, LSA-R.S. 17:170E expressly

provides:

> E.  No person seeking to enter any school or facility enumerated in
> Subsection A of this Section shall be required to comply with the
> provisions of this Section if the student or his parent or guardian
> submits either a written statement from a physician stating that the
> procedure is contraindicated for medical reasons, **or a written
> dissent** from the student or his guardian is presented.  (Emphasis
> added).

Notably, this subsection does not limit the student's basis for opting out of a vaccination requirement to objections based on religious beliefs; rather, Subsection E merely requires that the student submit a "written dissent" to receiving the vaccination without requiring the student to state the reason for the dissent and without allowing the institution to evaluate and opt whether to accept or reject the student's dissent.

LSA-R.S. 17:170F strikes a balance between those who opt out of a vaccination and the health and safety of the general student population and provides that:

> F. In the event of an outbreak of a vaccine-preventable disease at the location of an educational institution or facility enumerated in Subsection A of this Section, the administrators of that institution or facility are empowered, upon the recommendation of the office of public health, to exclude from attendance unimmunized students and clients until the appropriate disease incubation period has expired or the unimmunized person presents evidence of immunization.

The Edward Via College of Osteopathic Medicine (hereinafter sometimes "VCOM") located on the ULM campus enacted a mandatory COVID-19 vaccination requirement for all of its students. VCOM's policy at the time its mandatory COVID-19 vaccination requirement was promulgated allowed no exception based on the student's written dissent, religious or personal preference. VCOM, which is located on state land and has a "collaborative agreement" with the University of Louisiana in Monroe, agreed to be bound by and to follow the policies of ULM and the Louisiana Board of Regents. But instead VCOM's has adopted a policy in direct violation of the United States Constitution, the Louisiana Constitution of 1974 and LSA-R.S. 17:170E. Following its receipt of correspondence from the Louisiana Attorney General, VCOM amended its policy to consider objections by students and allowing "accommodations," but VCOM's amended policy is nothing more than a charade with the primary intent to refuse to allow students

who refuse the vaccine to meaningfully continue their medical education and participate in its curriculum.

Plaintiffs complied with LSA-R.S. 17:170E and submitted their written dissent to being forced to receive the experimental COVID-19 vaccination and they further sought an exemption from VCOM's COVID-19 vaccination policy inasmuch as the requirement that they receive a COVID-19 vaccine that was derived from aborted fetal tissue violates their deeply-held religious beliefs. VCOM denied Plaintiffs' request for an exemption without any legitimate basis and it has advised Plaintiffs that they will not be allowed to continue their medical education unless they have received a COVID-19 vaccination. VCOM's policy, furthermore, violates Louisiana and federal law by creating punitive and retaliatory consequences for students who exercise their legal rights.

## Jurisdiction

This Honorable Court has jurisdiction over this action pursuant to the express dictates of 28 U.S.C.§ 1332(a)(1) in that the matter in controversy exceeds $75,000, exclusive of interest and costs, and Plaintiffs are citizens of the States of Louisiana and Florida, and Defendant is a citizen of the State of Virginia, where it was incorporated and where its principal place of business is located.

## Venue

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2) in that this judicial district is the district wherein a substantial part of the events giving rise to this action occurred and/or were threatened to occur.

## The Parties

1.

Petitioner, Rachel Lynn Magliulo, is a major and citizen of the State of Florida and a resident and domiciliary of the Parish of Ouachita.  Plaintiffs, Matthew Shea Willis and Kirsten Willis Hall, are majors and citizens of the State of Louisiana and residents and domiciliaries of the Parish of Lincoln.

2.

The State of Louisiana, through Attorney General Jeff Landry, appears herein to enforce the laws of the State of Louisiana and to secure the individual liberty of its citizens as preserved by the Louisiana Constitution of 1974 and its statutes, including LSA-R.S. 17:170. The Attorney General, pursuant to Louisiana Constitution Article IV, §8, has the discretion and authority "as necessary for the assertion or protection of any right or interest of the state," to "institute, prosecute, or intervene in any civil action or proceeding." Moreover, the Attorney General, in his *parens patriae* capacity, may act to protect the statutory and constitutional rights of VCOM students to decline forced vaccination policies and prevent the enforcement of policies that effectively deny the students' meaningful exercise of their constitutional and statutory rights.

3.

Made defendant herein is Edward Via College of Osteopathic Medicine, a foreign corporation incorporated under the laws of the State of Virginia, with its principal place of business in the State of Virginia.  Defendant, VCOM, may be served through its registered agent, Clara M. Sartor, 1503 North 19th Street, Monroe, LA 71201.

**Background Facts**

4.

VCOM entered into a public-private "collaboration" (sometimes also referenced as a "cooperative endeavor agreement") with the University of Louisiana-Monroe ("ULM") to provide osteopathic medical education and research in a newly-constructed facility located on State land on ULM's campus.  Specifically, VCOM entered into a sublease agreement for VCOM's campus at ULM and VCOM students, pursuant to the agreement, share access to ULM's facilities, including use of the ULM library, campus housing, campus parking, campus recreation facilities and fitness resources, entrance to ULM athletics and arts events and admission to ULM student clubs and activities.  VCOM students also can participate in ULM intramural clubs and other activities with ULM's student body. VCOM's first class started in 2020.

5.

As part of its collaborative partnership with ULM, VCOM entered into a Student and Support Fee Services Agreement for a Public/Private Collaboration with ULM.[1]  The agreement includes the following pertinent provisions:

- VCOM "shall have in place policies and procedures that are not in conflict with that of the University or the State of Louisiana . . . ."

- VCOM shall not discriminate on the basis of religion in publication or in action.

- VCOM is a "Public/Private collaborative partner of the University."

- The agreement "shall be governed by and construed in accordance with the laws of the State of Louisiana without regard to conflict of laws principles that would require the application of any other law."

6.

---

[1] *See* Student and Support Fee Services Agreement for a Public/Private Collaboration with ULM, a copy of which is attached hereto as Exhibit No. 1.

Plaintiffs, Matthew Shea Willis and Kirsten Willis Hall, were part of VCOM's first class in 2020. They are thus entering their second year at VCOM.  Plaintiff, Rachel Lynn Magliulo, is entering her first year at VCOM.

7.

The Fall 2021 semester at VCOM commenced on Wednesday, July 14, 2021.  Plaintiffs are all currently enrolled at VCOM for the Fall 2021 semester, although VCOM initially refused to accept Plaintiff, Rachel Lynn Magliulo's, tuition because she refused to receive the COVID-19 vaccination against her will.  Further, VCOM has threatened Plaintiffs' right and ability to continue their medical education if they refuse to receive a COVID-19 vaccination against their will.

8.

VCOM's Student Health Requirements policy provides that ". . . accepted students are required to update all immunizations required by VCOM policies."[2]  The Student Health Requirements policy further provides that, "The . . . immunization requirements form may be found on the VCOM Admissions website for prospective and newly accepted students.  Ongoing and updated requirements will be kept in the VCOM College Catalog and Student Handbook."[3]

9.

VCOM's Student Health Requirements policy also states that:

> Regulatory and legislative authorities require that students demonstrate immunization, immunity or protection from multiple contagious diseases before being allowed to participate in clinical experiences at the institutions utilized by VCOM for the education of its students. VCOM requires that students meet all immunization requirements prior to matriculation and must maintain compliance with these requirements throughout their tenure here at VCOM. Descriptions of VCOM immunization requirements are found on subsequent pages of this document which specifically addresses

---

[2] See VCOM Student Health Requirements, a copy of which is attached hereto as Exhibit No. 2.
[3] Id.

Varicella, Measles, Mumps, Rubella, Hepatitis B, Hepatitis C, Tuberculosis, Influenza and Pertussis.[4]

Notably, a requirement that new or existing students receive a COVID-19 vaccination has never been formally added to VCOM's existing Student Health Requirements policy.

10.

Regarding updates or changes to its immunization policy, the VCOM Student Health Requirements policy states that:

> VCOM follows the latest recommendations set forth by the Center for Disease Control (CDC) and the Advisory Committee on Immunization Practices (ACIP), the United States Prevention Task Force (USPTF), *and those required by the specific state in which the student is training.*[5]

Neither the CDC, ACIP nor USPTF, nor the State of Louisiana have recommended mandatory COVID-19 vaccinations for students enrolled in Institutes of Higher Education ("IHEs"), such as VCOM.

11.

Indeed, the latest CDC recommendation for IHE's, such as VCOM, includes guidance for IHEs where not all students are vaccinated.  In Section 3 of the current guidance, entitled "Section 3: Guidance for IHE's Where not Everyone is Fully Vaccinated," the CDC provides the following guidance:

---

[4] Id.
[5] *Id.* (Emphasis added.)

Wearing a Mask

When people who are not fully vaccinated correctly wear a mask, **they protect others as well as themselves**. Consistent and <u>correct mask use</u> by people who are not fully vaccinated is especially important indoors and in crowded settings, when physical distancing cannot be maintained.  (Emphasis added).

Administrators should encourage people who are not fully vaccinated and <u>those who might need to take extra precautions</u> to wear a mask consistently and correctly:

- **Indoors.** Mask use is recommended for people who are not fully vaccinated including children. Children under the age of 2 should not wear a mask.
- **Outdoors.** In general, people do not need to wear masks when outdoors. However, particularly in areas of <u>substantial to high transmission</u>, CDC recommends that people who are not fully vaccinated wear a mask in crowded outdoor settings or during activities that involve sustained close contact with other people who are not fully vaccinated.[6]

This CDC guidance also recommends the following protocols for the unvaccinated students attending IHEs: physical distancing, hand hygiene and respiratory etiquette, testing and symptom screening.  Nowhere in the current CDC guidance is there a recommendation for a mandatory COVID-19 vaccination requirement for all students enrolled in IHEs.

Thus, despite VCOM's Student Health Requirements policy statement that it "follows the latest recommendations set forth by the Center for Disease Control (CDC)" such is not the case inasmuch as via email dated June 30, 2021, VCOM advised its students that it was "requiring all VCOM students to receive a full Covid-19 vaccination for matriculation this Fall."[7]

12.

---

[6] *See* https://www.cdc.gov/coronavirus/2019-ncov/community/colleges-universities/considerations.html
[7] *See* Email dated June 30, 2021, a copy of which is attached hereto as Exhibit No. 3.  In addition to the CDC, neither ACIP nor USPTF have recommended a mandatory vaccination requirement for students at IHEs.

In a rather shocking statement, VCOM's Student Health Requirements policy, under the section entitled "**Important Notes Regarding Vaccination Requirements**," provides that, "VCOM does not waive immunization or student health requirements for religious or personal preference." VCOM's policy in this regard is in direct violation of the United States Constitution, the Louisiana Constitution of 1974, and express provisions of Louisiana statutory law, *i.e.*, LSA-R.S. 17:170E and LSA-R.S. 13:5231, *et.seq.*

13.

Although VCOM's Student Health Requirements policy advises students that it will not waive its immunization requirements for religious or personal reasons, its "Student Request form for Exemption from COVID-19 Vaccination" nonetheless contains a section for students to assert a request for a waiver based on religious beliefs.[8]  Given the contradiction between the request form and VCOM's Student Health Requirements policy, coupled with VCOM's actions in the instant case refusing Plaintiff's request for a religious exemption without any valid rationale, it is apparent that VCOM does not comply with prevailing constitutional and statutory law and that it does not grant exemptions from COVID-19 based on religious objections.[9]

14.

VCOM's Student Request Form for Exemption from COVID-19 Vaccination also asserts that the mandatory vaccination requirement "is both for the safety of the student and for the

---

[8] *See* VCOM's Student Request Form for Exemption from COVID-19 Vaccination, a copy of which is attached hereto as Exhibit No. 4.

[9] In VCOM's Student Request Form for Exemption from COVID-19 Vaccination, it suggests that one reason for its demand for student vaccination is based on liability reasons: "The College assumes liability for the student and supervising physician when providing oversight of the student who is providing care." *Id.*  However, the Louisiana Legislature enacted LSA-R.S. 17:3392 in 2020 that has retroactive application to March 11, 2020, and which provides immunity from claims or causes of action related to the COVID-19 public health emergency to all public and nonpublic postsecondary education systems in the state for any civil damages for injury or death resulting from or related to actual or alleged exposure to COVID-19 or acts undertaken in the effort to respond or adapt to the COVID-19 public emergency.

vulnerable patients they will be caring for."[10]  VCOM's position, while altruistic, is not based in

fact and overlooks the reality that the large, local medical facilities, including St. Francis Medical

Center, IASIS Glenwood Regional Medical Center, P&S Surgery Center and Northern Louisiana

Medical Center, do not have a mandatory vaccination requirement for the healthcare providers

who are practicing at their facilities and who are providing direct medical care to "vulnerable

patients."[11] Likewise, ULM, its collaborative partner, does not have any such burdensome

requirements as VCOM.

15.

Plaintiffs objected to and requested an exemption from VCOM's mandatory COVID-19

vaccination policy based on their deeply-held religious beliefs.  Without any valid basis or reason,

VCOM rejected Plaintiffs' objections and request for an exemption from its mandatory COVID-

19 vaccination policy.  Specifically, via email dated July 14, 2021, VCOM advised that students

"must decide by July 19th, 2021 on whether to defer or participate in vaccination."[12]  Because

Plaintiffs refuse to participate in VCOM's mandatory COVID-19 vaccination due to their deeply-

held religious beliefs, they were advised by VCOM that they would not be able to continue their

medical education at its Monroe, Louisiana campus for an extended, yet unspecified period of

time.

16.

Plaintiffs, Matthew Shea Willis and Kirsten Willis Hall, have each submitted a request for

a religious exemption.  Following the outright dismissal of her initial request for a religious

exemption, Plaintiff, Rachel Magliulo, submitted a *second* request for exemption from VCOM's

---

[10] *Id.*

[11] *See* Affidavit of Greg C. Sampognaro, M.D., attached hereto as Exhibit No. 5.

[12] *See* email from Randy P. Schuller to Plaintiff, Rachel Magliulo, dated July 14, 2021, a copy of which is attached hereto as Exhibit No. 6.

mandatory COVID-19 vaccination requirement.   Plaintiffs also engaged Liberty Counsel to demand that VCOM rescind its illegal COVID-19 vaccine requirement.

17.

By letter dated July 20, 2021, Liberty Counsel advised VCOM of LSA-R.S. 17:170E, which provides that a student can opt out of a vaccination requirement by simply submitting a "written dissent" without any elaboration on the basis therefor.[13]  Liberty Counsel also noted that Plaintiffs' written objections to receiving the COVID-19 vaccination based on their deeply-held religious beliefs more than met the requirements of LSA-R.S. 17:170E.[14]  Liberty Counsel gave VCOM until close of business on Friday, July 23, 2021 to confirm that Plaintiffs had been unconditionally approved for admission.[15]

18.

Likewise, on July 20, 2021, Louisiana Attorney General Jeff Landry sent correspondence to VCOM advising that he had received multiple complaints regarding its mandatory COVID-19 vaccination requirement.[16]  In his correspondence, Attorney General Landry noted that mandating the COVID-19 vaccination was inconsistent with both federal and state law.[17]  He also noted that the current COVID-19 vaccinations are not approved by the Food and Drug Administration and are being dispensed pursuant to an Emergency Use Authorization ("EUA").[18]  He further noted that, "EUA products are always optional."[19]  Attorney General Landry also advised VCOM that,

---

[13] *See* Correspondence from Richard Mast, Liberty Counsel, to VCOM, dated July 20, 2021, a copy of which is attached hereto as Exhibit 7.
[14] *Id.*
[15] *Id.*
[16] *See* email from Randy P. Schuller to Plaintiff, Rachel Magliulo, dated July 14, 2021, a copy of which is attached hereto as Exhibit No. 6.
[17] *Id.*
[18] *Id.*
[19] *Id.*, citing 21 U.S.C. §360bbb-3(1)(A)(ii)(II).

under *Louisiana* law, immunizations at colleges and universities are *never* mandatory . . . if a student presents a written 'dissent from the student.'"[20]   Finally, Attorney General Landry instructed VCOM that:

> Louisiana law provides a student with the right to dissent from a mandatory vaccination, ensuring students will not be coerced and also ensuring they will not be excluded, retaliated against, or other discriminated against, which would render their right to refuse meaningless. VCOM, relatedly, may not adopt policies that are so retaliatory and coercive that they amount to an end-run around these protections afforded to students under state and federal law. Recognizing and providing *meaningful* exemptions for medical and religious objections is not only the right thing to do but it is required under both federal and Louisiana law.[21]

19.

Instead of responding to Liberty Counsel's demand or Attorney General Landry's admonition, VCOM provided what appears to be a hastily-drafted, confusing policy entitled "Guidance for VCOM Students on Campus and Clinical Settings Under COVID-19 Conditions Beginning 7-16-2021 (hereinafter "VCOM Guidance").[22]   VCOM's Guidance is vague, ambiguous, and, at best, contradictory.   Indeed, VCOM's Guidance is nothing more than wordsmithing and a poorly-executed attempt to circumvent the individual liberty secured by LSA-R.S. 17:170E and LSA-R.S. 13:5231, *et.seq.*, by threat, coercion, intimidation and the placement of onerous demands on students who refuse to participate in VCOM's mandatory COVID-19 vaccination protocol.

---

[20] *Id.* citing LSA-R.S. 17:170E.
[21] *Id.*  Emphasis supplied.
[22] *See* GUIDANCE FOR VCOM STUDENTS ON CAMPUS AND IN CLINICAL SETTINGS UNDER COVID-19 CONDITIONS BEGINNING 7-16-2021, a copy of which is attached hereto as Exhibit 8.

20.

The following contradictions are found in VCOM's Guidance:

- VCOM adopted a screening tool, MyHealthTracer.com, for students and employees to use to perform self-health checks.  VCOM's guidance provides that, "Once fully vaccinated, the student may decrease their entries into MyHealthTracer.com to log when significant exposures, illness or symptoms occur.  Those persons who are not fully vaccinated will be required to enter their status daily."  VCOM's Guidance also provides that, "Protective masks are **required unless a student or employee has been fully vaccinated**.  (To be exempted from wearing a mask, vaccinated students and faculty must submit evidence of vaccination to their COVID-19 officer.)"  (Emphasis supplied).  VCOM's Guidance then acknowledges that "the Delta variant [] may be resistant to certain vaccines."  Thus, according to VCOM, even the vaccinated student population is at risk of exposure to the prevalent Delta variant (and exposing others). But those who are vaccinated and allegedly unprotected from this variant do not have to wear a mask or self-regulate through the MyHealthTracer.com app.

- Again, while acknowledging that "the Delta variant [] may be resistant to certain vaccines" VCOM nonetheless asserts that, "Vaccination is the only true measure to assure each individual student's safety . . .."

- VCOM's guidance does not address the Americans With Disabilities Act and imposes unnecessary, irrationally restrictive, and punitive consequences on students with medical issues that may prevent vaccination, such as increased risk for myocarditis or pericarditis.

- VCOM's Guidance provides that, "Where the states allow VCOM to require the vaccine, VCOM will require the vaccine for all students.  Where states provide rulings that do not allow requiring the vaccines, they will be strongly recommended and only required to participate in educational settings that involve hands-on patient care or when providing hands on examination of classmates or the patients that the classmates care for."[23] Although LSA-R.S. 17:170E allows a student to opt out of a mandatory vaccination requirement by simply providing a "written dissent", VCOM's Guidance provides that, "Currently, subject to the provisions of the next paragraph, VCOM is requiring vaccination for the fall semester for the Virginia, South Carolina, and Louisiana campuses . . .."  The "provisions of the next paragraph" to which this section refers is even more contradictory and provides:

---

[23] Other universities in the State of Louisiana have sought approval from the Louisiana Department of Health to include the COVID-19 vaccination in their schedule of required vaccinations. *See* email from Reynold Verret, President of Xavier University to Joe Katner, MD, MPH, State Health Officer, Louisiana Department of Health, dated June 23, 2019, a copy of which is attached hereto as Exhibit 9.  LDH has granted this approval, **BUT**, LDH has cautioned these universities of the student's right to opt out of any such mandatory vaccination with specific reference to LSA-R.S. 17:170E. *Id. See also* LDH's response to similar requests from Tulane University (Exhibit 10) and Dillard University (Exhibit 11).

"VCOM does not require every student to have vaccination.  Students who elect to attend VCOM, who do not wish to receive the vaccination while still in the current emergency status for evaluation, have multiple options including, but not limited to:  1. Not to attend,  2. To defer their enrollment for one year, 3. To be accommodated through completing all requirements except patient care duties until more information is known about the vaccine (currently estimated for January 2022) or the student may be placed in an alternate education pathway that defers only clinical involvement."

- Again, VCOM notes that the Delta variant is currently known to be the most prevalent strain and it "may be resistant to certain vaccines," but VCOM provides that only the unvaccinated must wear a mask "whether on campus or when allowed in certain clinical environments" and that only the unvaccinated may "be required to have frequent testing for COVID-19."  If the Delta variant may be resistant to "certain vaccines" as VCOM suggests, then one would expect that it would require *all* students who are at risk for this most prevalent strain to practice precaution.

- Although VCOM's Guidance notes that individual liberties still remain for those with medical issues, religious issues, and who simply dissent, its Guidance goes on to state that, "Students on all Campuses are required to have the vaccine to attend all classes and all clinical environments."

- VCOM"s Guidance further provides that, "9. Any student who is not vaccinated must wear a mask and practice all safety measures to avoid contracting or spreading COVID-19."  But its own guidance acknowledges students who received those "certain vaccines" to which the Delta variant is resistant could become sick and could expose others.  These students, however, are simply allowed to contract the Delta variant and spread it with impunity.

- VCOM's Guidance provides that, "the COVID-19 vaccine is approved under emergency conditions" and more accurately stated, is approved under an Emergency Use Authorization.  However, VCOM noticeably *omits* any mention of 21 U.S.C. §360bbb-3(1)(A)(ii)(II), which expressly provides that for Emergency Use Authorization products (which encompasses all of the currently-available COVID-19 vaccines) a condition of emergency approval is that people have "the option to accept or refuse administration of the product."

- VCOM's Guidance correctly states that, "Vaccination is required for patient care for the fall term **unless** a medical condition, religious exemption, or other state allowed exemption prohibits vaccination."[24]  (Emphasis added).  VCOM's Guidance then contradicts the preceding provision by stating that vaccination is "required to participate in educational settings that involve hands-on patient care or when providing hands on examination of classmates or the patients that the classmates care for."[25]

---

[24] One such state law prohibiting an unwanted vaccination is LSA-R.S. 17:170E.

[25] What VCOM's Guidance fails to address is that its standardized patient encounters consist of clinical simulations, where the role of the patient is played by a paid participant who is to mimic and report various

- Instead of advising that it will *honor* "written dissents" from a compulsory vaccination as required by LSA-R.S. 17:170E, VCOM"s Guidance repeatedly states that students must "submit a request for accommodations" and that these requests "will be reviewed by the COVID-19 Committee." LSA-R.S. 17:170E does not allow for the review, evaluation and approval/disapproval of a student's objection to being forcibly vaccinated. On the contrary, Louisiana law protects the individual student's liberty interests in the sanctity of his/her body and only requires that the student submit a "written dissent." The student's "written dissent" is not subject to review, evaluation or approval by the school or its "COVID-19 Committee." Likewise, LSA-R.S. 13:5231, et.seq., to which VCOM agreed to be bound when it entered into its collaborate agreement with the University of Louisiana, likewise does not permit VCOM to "review, evaluate, or approve" a religious objection.

- As noted above, VCOM's Guidance asserts that the Delta variant may be resistant to "certain vaccines" (interestingly, VCOM does not disclose the "certain vaccines" to which it refers), but it then states that vaccinated students "may now see patients at risk for having COVID-19 if fully immunized and if wearing appropriate protections as designated by the Clinical Site." If the unvaccinated and those who received "certain vaccines" are at risk for the prevalent Delta variant, then why does VCOM not seek to protect all of its vulnerable student population?

21.

On July 28, 2021, Attorney General Landry responded to VCOM's new Guidance.[26] Attorney General Landry advised that "VCOM's quickly-revised policy still does not comply with Louisiana law."[27] He further observed that "VCOM's process is still structured to deny waivers rather than provide any meaningful mechanism for notifying the school of a student's choice to opt-out."[28]

---

symptoms of an illness and the role of the physician is played by the student. The patient-participants are of no specific age and are required to be fully vaccinated to participate in the simulations.

[26] *See* correspondence from Louisiana Attorney General Jeff Landry to Dixie Tooke-Rawlins, Provost and President, dated July 28, 2021, a copy of which is attached hereto as Exhibit 12.

[27] *Id.*

[28] *Id.*

22.

VCOM responded to Attorney General Landry's letter, contending that is "attempting to comply with Louisiana law."[29]   However, instead of complying with LSA-R.S. 17:170E and honoring Plaintiffs' "written dissent", VCOM advised that its "Covid-19 Committee has not met" and that its meeting is set for August 6, 2021 to "look at each student's case . . . ."[30]  Ignoring that LSA-R.S. 17:170E allows a student to refuse a vaccine based solely on a "written dissent" without explanation or justification and that the students' "written dissent" is not subject to VCOM's review, evaluation or approval, VCOM states that it "has provided students up to August 5 to submit these filings for our Covid-19 Committee's review . . . ."[31]

23.

VCOM has tried to compel Plaintiffs' submission to its mandatory COVID-19 vaccination requirement through threats, coercion and intimidation.  Examples of VCOM's tactics include:

- VCOM threatened to fail Plaintiffs from the program if they did not comply and further threatened that if they failed out, that Plaintiffs would not be accepted into another medical school, whether in the United States or the Caribbean.

- VCOM threatened that Plaintiffs would be "black-balled" or ostracized in the medical community for refusing to take the COVID-19 vaccination.

- VCOM told Plaintiffs that they could not afford to fight it on the vaccine issue.

- VCOM's COVID officer confronted Plaintiffs in public in the presence of other students over their refusal to submit to the vaccine.

- VCOM restricted Plaintiffs from volunteering with faculty in clinical community events.

---

[29] *See* correspondence from Dixie Tooke-Rawlins, Provost and President, to Louisiana Attorney General Jeff Landry, dated July 29, 2021, a copy of which is attached hereto as Exhibit 13.
[30] *Id.*
[31] *Id.*

- VCOM threatened to prohibit Plaintiffs from engaging in hands-on events with fellow classmates, which occur on a weekly basis and which they are required to pass before advancing to the next block.

- VCOM told Plaintiffs that it did not honor any exemptions and that any exemption that was submitted would surely be denied.

- VCOM has given Plaintiffs previous deadlines to receive the COVID-19 vaccination or withdraw from the school.

- VCOM threatened Plaintiffs that their refusal to receive the vaccination could affect the residency letter that VCOM would send out when Plaintiffs applied for their residency programs. These residency letters are critical to students obtaining a coveted residency and are also confidential and not shared with the students, thus leaving VCOM free to follow through on this threat.

**<u>Controlling Law</u>**

24.

Louisiana is a champion of an individual's religious freedom.  The following provisions illustrate the strong public policy in the State of Louisiana for an individual's right to exercise the tenants of his or her deeply-held religious beliefs:

- **La. Const., Art. 1, §8**:  No law shall be enacted respecting an establishment of religion or prohibiting the free exercise thereof.

- **La. Const., Art. 1, §12**:  In access to public areas, accommodations, and facilities, every person shall be free from discrimination based on . . . religion, . . ..

- **LSA-R.S. 49:146A(1)**:  In access to public areas, public accommodations, and public facilities, every person shall be free from discrimination based on . . . religion . . .. Subsection (2) defines a "public facility" as "any publicly or privately owned property to which the general public has access as invitees . . .."

- **LSA-R.S. 13:5231**: Effective August 15, 2020, the Louisiana Legislature enacted the "Preservation of Religious Freedom Act" which provides at §5232 that "The legislature finds and declares that: (1) Free exercise of religion is a fundamental right of the highest order in this state."

25.

Most relevant to the instant case is LSA-R.S. 17:170, which prescribes the requirements for persons entering schools, including colleges in the State of Louisiana.  While this statute sets forth the "required" vaccinations, it safeguards the individual's right to seek an exemption based on medical reasons or based on "a written dissent".  Specifically, LSA-R.S. 17:170E expressly provides:

> E.  No person seeking to enter any school or facility enumerated in Subsection A of this Section shall be required to comply with the provisions of this Section if the student or his parent or guardian submits either a written statement from a physician stating that the procedure is contraindicated for medical reasons, **or a written dissent** from the student or his guardian is presented.  (Emphasis added).

*Notably, this subsection does not limit the student's basis for opting out of the vaccination requirement to objections based on religious beliefs*; rather, Subsection E merely requires that the student submit a "written dissent" to receiving the vaccination without requiring the student to state the reason for the dissent and without allowing the institution to evaluate and opt whether to accept or reject the student's dissent.

26.

LSA-R.S. 17:170F strikes a balance between those opting out of a vaccination and the general health of the student population by providing that:

> F. In the event of an outbreak of a vaccine-preventable disease at the location of an educational institution or facility enumerated in Subsection A of this Section, the administrators of that institution or facility are empowered, upon the recommendation of the office of public health, to exclude from attendance unimmunized students and clients until the appropriate disease incubation period has expired or the unimmunized person presents evidence of immunization.

27.

Consistent with Louisiana's strong policy towards religious freedom and individual

liberties, on May 10, 2021, the Louisiana House of Representatives passed House Resolution No.

20, entitled, "Education—COVID-19 Vaccinations."   In this resolution, the House of

Representatives noted the experimental nature of the current COVID-19 clinical trials for the

available vaccinations and the right of Louisiana residents not to be compelled to receive

vaccinations to which they object.  Specifically, H.R. 20 provides:

> WHEREAS, the House of Representatives of the Legislature of
> Louisiana finds that some colleges and universities are considering
> mandating that their students, faculty, and staff either receive an
> Emergency Use Authorization (EUA) experimental COVID–19
> vaccine or be tested weekly for the virus even if they do not have
> symptoms; and
>
> WHEREAS, these vaccines are in experimental clinical trials until
> the end of 2022 or the beginning of 2023 and have not received full
> Food and Drug Administration approval; rather, they are subject to
> 21 U.S.C. 360bbb–3(e)(1)(A)(ii)(III) which grants individuals the
> option to accept or refuse administration of the vaccine; and
>
> WHEREAS, some education institutions are considering use of a
> COVID–19 digital application/vaccine passport, which would
> include the collection of data associated with a mandated vaccine
> which can be merged with other personal data, to track those who are
> vaccinated and restrict the movement of those who are not
> vaccinated; and
>
> WHEREAS, such mandates violate individual and civil liberties and
> the privacy of medical information that are protected by the
> Constitution of Louisiana, the U.S. Constitution, the Privacy Rule
> promulgated by the Department of Health and Human Services
> pursuant to the Health Insurance Portability and Accountability Act,
> and the Family Education Rights and Privacy Act; and
>
> WHEREAS, it is the right of every human being to make fully
> informed medical decisions without coercion or discrimination; and

WHEREAS, R.S. 17:170(E) provides that students or parents of students entering school, including licensed day care centers, kindergartens, elementary and secondary schools, colleges, universities, proprietary schools, and vocational schools, have a right to refuse a vaccination **by simply submitting a written dissent**; and

WHEREAS, even in a declared public health emergency, R.S. 29:764(A)(2)(h) requires that persons be allowed to refuse medical examination or testing, vaccination, or medical treatment for reasons of health, religion, or conscience; and

WHEREAS, based on Centers for Disease Control and Prevention statistics, the COVID–19 survival rate for persons aged twenty years old or younger, without treatment, is 99.997%; the overwhelming majority of this student-aged population, if infected with COVID–19, would survive without treatment and would not suffer any long-term health consequences; and

WHEREAS, pharmaceutical companies have a full exemption from product liability for vaccines under the Public Readiness and Emergency Preparedness Act; it is not clear whether educational institutions mandating vaccines or tests would be similarly shielded from major liability.

THEREFORE, BE IT RESOLVED that the House of Representatives of the Legislature of Louisiana does hereby authorize and direct each licensed day care center, kindergarten, elementary or secondary school, college, university, proprietary school, or vocational school that requires a vaccine for COVID–19 to fully inform each student or parent or legal guardian of a student that the COVID–19 vaccine is for emergency use only pursuant to an Emergency Use Authorization, is experimental, and has not been fully approved by the Food and Drug Administration and that **he or she has a right to refuse the vaccination for reasons of health, religion, or conscience.** (Emphasis added).[32]

---

[32] A copy of H.R. 20 is attached hereto as Exhibit No. 14.

28.

While not law, H.R. 20 expresses the clear tenants of Louisiana law, namely that a student (or any other citizen) has the right to refuse a vaccination "for reasons of health, religion or conscience."

29.

Despite the clear, unambiguous provisions of Louisiana law that allow a student (or any other citizen) the right to refuse a vaccination by providing a "written dissent" without more, VCOM takes the baffling position that *these laws do not apply to it*.  Specifically, on July 13, 2021, VCOM sent an email to Plaintiff, Rachel Magliulo, alleging that, "There is no Louisiana law that restricts us from having our own COVID policy."[33]  It then rejected Ms. Magliulo's written dissent based on her deeply-held religious objection to utilizing a vaccine predicated on aborted fetal tissue by contending that, "This request does not meet the guidelines for a religious exemption.  You will still be required to receive the vaccine based on our policy."[34]

30.

Moreover, even though VCOM agreed in its Student and Support Fee Services Agreement for a Public/Private Collaboration with ULM that it "shall have in place policies and procedures that are not in conflict with that of the University or the State of Louisiana . . . ,' that it would not discriminate on the basis of religion and that it "shall be governed by and construed in accordance with the laws of the State of Louisiana without regard to conflict of laws principles that would

---

[33] *See* VCOM email dated July 13, 2021, a copy of which is attached hereto as Exhibit No. 17.

[34] *Id*.  *See also,* correspondence from Louisiana Attorney General Jeff Landry to Louisiana State University, noting the Emergency Use Authorization under which the currently available COVID-19 vaccines are being administered and noting that, pursuant to 21 U.S.C. §360bbb-3, individuals have "the option to accept or refuse administration of the product" and further recognizing that Louisiana law also confers upon individuals the right to choose not to be vaccinated.  A copy of Attorney General Landry's correspondence dated May 28, 2021 is attached hereto as Exhibit No. 15.

require the application of any other law," it refuses to acknowledge and abide by the express provisions of Louisiana law that govern the instant controversy, namely, LSA-R.S. 17:170E.[35]

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

31.

Plaintiffs reallege, reaffirm and incorporate herein by reference the preceding paragraphs as if copied herein *in extenso*.

32.

Rule 65 of the Federal Rules of Civil Procedure provides that the Court may issue a temporary restraining order, a preliminary injunction, or both, in an action for injunctive relief. It is well-settled that injunctive relief shall be issued in cases where irreparable injury, loss or damage may otherwise result, or in other cases specifically provided by law.

33.

A party seeking a temporary restraining order or preliminary injunction under Rule 65 must show: (i) a substantial likelihood of success on the merits; (ii)  the movant will suffer irreparable injury without the injunction; (iii) the threatened injury outweighs the threatened harm to the party against whom the injunction is sought; and (iv) granting the injunction will not disserve the public interest.  See Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991).

34.

Plaintiffs will succeed on the merits.  LSA-R.S. 17:170E is clear, express and unambiguous and provides that a student can opt out of a school-mandated vaccine simply by submitting his/her

---

[35] See VCOM's Student and Support Fee Services Agreement for a Public/Private Collaboration, a copy of which is attached hereto as Exhibit No. 1. Notably, ULM's Proof of Immunization Compliance form is in accordance with LSA-R.S. 17:170E inasmuch as it provides for an exemption based on personal, including religious reasons. See ULM's Proof of Immunization Compliance form, a copy of which is attached hereto as Exhibit No. 16.

"written dissent" – nothing more is required.  The student does not have to validate the basis for

the dissent nor does the student have to persuade the school to accept the basis for the dissent.

Likewise, the school is not afforded the right to review, evaluate and accept or reject the student's

dissent.  All that is required for the student to opt out of the vaccine is for the student to submit

his/her "written dissent."  Plaintiffs have all submitted their written dissent.  VCOM must abide

by LSA-R.S. 17:170E and not mandate the vaccine as a term or condition of enrollment and

participation in its curriculum.

35.

If forced to receive the COVID-19 vaccination in violation of their deeply-held religious

beliefs, Plaintiffs will suffer the ultimate insult and irreparable harm.  Likewise, if forced to

discontinue their medical education to preserve their religious beliefs, Plaintiffs will likewise

suffer irreparable harm.  Defendant's actions are well beyond that of a mere, potential threat.

Defendant's actions have and will continue cause irreparable damage to Plaintiffs inasmuch as

VCOM's mandate violates Plaintiffs' right to personal autonomy and bodily integrity, the right to

accept or reject the COVID-19 vaccination and Plaintiffs' right to religious freedom.

36.

VCOM contends that the vaccine is necessary to protect its other students, faculty and

"patients".  However, VCOM candidly admits that the Delta variant, the most prevalent variant, is

resistant to "certain vaccines."  Thus, vaccination will not offer the wholesale protection as VCOM

contends.  Moreover, VCOM ignores the CDC guidance wherein the CDC recommends less

invasive measures that will offer protection against the transmission of the COVID-19 virus.

Specifically, as noted above, the CDC's guidance for IHEs provides:

Wearing a Mask

When people who are not fully vaccinated correctly wear a mask, **they protect others as well as themselves**. Consistent and correct mask use by people who are not fully vaccinated is especially important indoors and in crowded settings, when physical distancing cannot be maintained. (Emphasis added).

Administrators should encourage people who are not fully vaccinated and those who might need to take extra precautions to wear a mask consistently and correctly:

- **Indoors.** Mask use is recommended for people who are not fully vaccinated including children. Children under the age of 2 should not wear a mask.
- **Outdoors.** In general, people do not need to wear masks when outdoors. However, particularly in areas of substantial to high transmission, CDC recommends that people who are not fully vaccinated wear a mask in crowded outdoor settings or during activities that involve sustained close contact with other people who are not fully vaccinated.[36]

This CDC guidance also recommends the following protocols for the unvaccinated students attending IHEs: physical distancing, hand hygiene and respiratory etiquette, testing and symptom screening. Nowhere in the current CDC guidance is there a recommendation for a mandatory COVID-19 vaccination requirement for all students enrolled in IHEs.

37.

Granting Plaintiffs' request for injunctive relief will serve the public interests by preserving the individual liberty sought to be protected by LSA-R.S. 17:170E and by preserving Louisiana's strong stand on religious freedom as found in the Louisiana Constitution of 1974 and the laws of the State of Louisiana.

---

[36] *See* https://www.cdc.gov/coronavirus/2019-ncov/community/colleges-universities/considerations.html

38.

Accordingly, Plaintiffs are entitled to injunctive relief prohibiting, restraining and enjoining Defendant from mandating that they receive a COVID-19 vaccination as a condition of enrollment at VCOM and further prohibiting, restraining and enjoining Defendant, VCOM, from retaliating against, coercing, threatening or discriminating against Plaintiffs for availing themselves of their right not to be vaccinated against their will.

39.

Specifically, Plaintiffs are entitled to the entry of a Temporary Restraining Order prohibiting, restraining and enjoining any action by VCOM to mandate that they receive a COVID-19 vaccination as a condition of enrollment at VCOM and further prohibiting, restraining and enjoining Defendant, VCOM, from retaliating against, coercing, threatening or discriminating against Plaintiffs for availing themselves of their right not to be vaccinated against their will.

40.

Plaintiffs have provided notice to Defendant of their intent to apply for and seek the instant Temporary Restraining Order by delivering/transmitting a copy of the instant Motion for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction to:

(a) Defendant, Edward Via College of Osteopathic Medicine, **via hand delivery** through its registered agent for service, Clara M. Sartor, 1503 North 19th Street, Monroe, LA 71201;

(b) Defendant, Edward Via College of Osteopathic Medicine, **via hand delivery and email (dmangum@ulm.vcom.edu)** to Mark Sanders, Interim Dean, Edward Via College of Osteopathic Medicine, 4408 Bon Aire Drive, Rm. 307, Monroe, Louisiana 71203; and

(c)     Defendant, Edward Via College of Osteopathic Medicine, **via email only**

**(dtrawlins@vcom.vt.edu)**, Dixie Tooke-Rawlins, Provost and President,

Edward Via College of Osteopathic Medicine, 2265 Kraft Drive,

Blacksburg, VA 24060.

## APPLICATION FOR PRELIMINARY INJUNCTION

41.

Plaintiffs reallege, reaffirm and incorporate herein by reference the preceding paragraphs as if copied herein *in extenso*.

42.

Plaintiffs request that a hearing be set on their request for a Preliminary Injunction, and that after due proceedings thereon are had, Plaintiffs request the issuance of a Preliminary Injunction restraining and enjoining Defendant from mandating that Plaintiffs receive a COVID-19 vaccination as a condition of enrollment at VCOM and further prohibiting, restraining and enjoining Defendant, VCOM, from retaliating against, coercing, threatening or discriminating against Plaintiffs for availing themselves of their right not to be vaccinated against their will.

## APPLICATION FOR PERMANENT INJUNCTION

43.

Plaintiffs reallege, reaffirm and incorporate herein by reference the preceding paragraphs as if copied herein *in extenso*.

44.

Plaintiffs are entitled to and request a trial on the merits, following which they request that this Honorable Court enter a Permanent Injunction prohibiting, restraining and enjoining Defendant from mandating that Plaintiffs receive a COVID-19 vaccination as a condition of

enrollment at VCOM and further prohibiting, restraining and enjoining Defendant, VCOM, from retaliating against, coercing, threatening or discriminating against Plaintiffs for availing themselves of their right not to be vaccinated against their will.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, Rachel Lynn Magliulo, Matthew Shea Willis and Kirsten Willis Hall, respectfully pray:

    a.   That citation be issued so that Defendant may be cited and served with this Motion for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction;

    b.   That a Temporary Restraining Order issue herein prohibiting, restraining, and/or enjoining Defendant mandating that Plaintiffs receive a COVID-19 vaccination as a condition of enrollment at VCOM and further prohibiting, restraining and enjoining Defendant, VCOM, from retaliating against, coercing, threatening or discriminating against Plaintiffs for availing themselves of their right not to be vaccinated against their will;

    c.   That a hearing be set ordering Defendant, to show cause, if any it can, why a Preliminary Injunction should not issue prohibiting, restraining and enjoining Defendant mandating that Plaintiffs receive a COVID-19 vaccination as a condition of enrollment at VCOM and further prohibiting, restraining and enjoining Defendant, VCOM, from retaliating against, coercing, threatening or discriminating against Plaintiffs for availing themselves of their right not to be vaccinated against their will;

    d.   That after due proceedings, a Permanent Injunction be issued prohibiting, restraining and enjoining Defendant mandating that Plaintiffs receive a COVID-19 vaccination as a condition of enrollment at VCOM and further prohibiting, restraining and enjoining

Defendant, VCOM, from retaliating against, coercing, threatening or discriminating against Plaintiffs for availing themselves of their right not to be vaccinated against their will; and

e.   For any and all other relief to which Plaintiffs are or may be entitled, whether in law or in equity.

Respectfully submitted:

Breithaupt, DuBos & Wolleson, LLC
1811 Tower Drive
Monroe, Louisiana 71201
Telephone:    (318) 322-1202
Facsimile:    (318) 322-1984
Email:        michael@bdw.law
Email:        adam@bdw.law


Michael L. DuBos (#23944), T.A.
Adam R. Karamanis (#39544)

**JEFF LANDRY**
**ATTORNEY GENERAL OF**
**LOUISIANA**


ELIZABETH B. MURRILL (#20685)
  Solicitor General
LOUISIANA DEPARTMENT OF
JUSTICE
1885 N. Third Street
Baton Rouge, LA 70802
Tel: (225) 326-6766
murrille@ag.louisiana.gov


*Counsel for Plaintiff States*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

RACHEL LYNN MAGLIULO,                    CIVIL ACTION NO.:_____
MATTHEW SHEA WILLIS,
KIRSTEN WILLIS HALL AND
THE STATE OF LOUISIANA
(As an Intervenor)

VERSUS                                   JUDGE:

EDWARD VIA COLLEGE OF                     MAGISTRATE JUDGE:
OSTEOPATHIC MEDICINE

### **VERIFICATION**

Now comes Plaintiff, Rachel Lynn Magliulo, who after being duly sworn did declare and

state that she is a Plaintiff in the above-numbered cause, that she has read the foregoing Motion

for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction that, to the

best of her knowledge, information and belief formed after reasonable inquiry, the facts set forth

therein are true and correct.

Monroe, Louisiana, this ___3___ day of August, 2021.

_____
Rachel Lynn Magliulo

Sworn to and subscribed before me, Notary Public, this __3__ day of August, 2021.

_____
Notary Public

MICHAEL L. DuBOS
Notary Public - Louisiana
Ouachita Parish
Notary ID 56895

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

RACHEL LYNN MAGLIULO,                         CIVIL ACTION NO.:_____
MATTHEW SHEA WILLIS,
KIRSTEN WILLIS HALL AND
THE STATE OF LOUISIANA
(As an Intervenor)

VERSUS                                        JUDGE:

EDWARD VIA COLLEGE OF                         MAGISTRATE JUDGE:
OSTEOPATHIC MEDICINE

## **VERIFICATION**

Now comes Plaintiff, Kirsten Willis Hall, who after being duly sworn did declare and state

that she is a Plaintiff in the above-numbered cause, that she has read the foregoing Motion for

Temporary Restraining Order, Preliminary Injunction and Permanent Injunction that, to the best

of her knowledge, information and belief formed after reasonable inquiry, the facts set forth therein

are true and correct.

Monroe, Louisiana, this __3__ day of August, 2021.

_____
Kirsten Willis Hall

Sworn to and subscribed before me, Notary Public, this __3__ day of August, 2021.

_____
Notary Public

MICHAEL L. DuBOS
Notary Public - Louisiana
Ouachita Parish
Notary ID 56895

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

RACHEL LYNN MAGLIULO,                         CIVIL ACTION NO.:_____
MATTHEW SHEA WILLIS,
KIRSTEN WILLIS HALL AND
THE STATE OF LOUISIANA
(As an Intervenor)

VERSUS                                        JUDGE:

EDWARD VIA COLLEGE OF                         MAGISTRATE JUDGE:
OSTEOPATHIC MEDICINE

## **VERIFICATION**

Now comes Plaintiff, Matthew Shea Willis, who after being duly sworn did declare and

state that she is a Plaintiff in the above-numbered cause, that he has read the foregoing Motion for

Temporary Restraining Order, Preliminary Injunction and Permanent Injunction that, to the best

of his knowledge, information and belief formed after reasonable inquiry, the facts set forth therein

are true and correct.

Monroe, Louisiana, this ___3___ day of August, 2021.

_____
Matthew Shea Willis

Sworn to and subscribed before me, Notary Public, this ___3___ day of August, 2021.

_____
Notary Public

MICHAEL L. DuBOS
Notary Public - Louisiana
Ouachita Parish
Notary ID 56895

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

RACHEL LYNN MAGLIULO,            CIVIL ACTION NO.:_____
MATTHEW SHEA WILLIS,
KIRSTEN WILLIS HALL AND
THE STATE OF LOUISIANA
(As an Intervenor)

VERSUS                            JUDGE:

EDWARD VIA COLLEGE OF              MAGISTRATE JUDGE:
OSTEOPATHIC MEDICINE

## **CERTIFICATION PURSUANT TO LR65.1**

Now comes Michael L. DuBos, counsel for Plaintiffs herein, who declares as follows:

(1)     That on August __3__, 2021 at __2:00__ o'clock, __p__.m., a copy of

the above and foregoing Motion for Temporary Restraining Order,

Preliminary Injunction and Permanent Injunction and all exhibits referenced

therein were served on Defendant, Edward Via College of Osteopathic

Medicine as follows:

(a)     Defendant, Edward Via College of Osteopathic Medicine,

**via hand delivery** through its registered agent for service,

Clara M. Sartor, 1503 North 19th Street, Monroe, LA 71201;

(b)     Defendant, Edward Via College of Osteopathic Medicine,

**via hand delivery and email (dmangum@ulm.vcom.edu)**

to Mark Sanders, Interim Dean, Edward Via College of

Osteopathic Medicine, 4408 Bon Aire Drive, Rm. 307,

Monroe, Louisiana 71203; and

(c)     Defendant, Edward Via College of Osteopathic Medicine, **via email only (dtrawlins@vcom.vt.edu)**, Dixie Tooke-Rawlins, Provost and President, Edward Via College of Osteopathic Medicine, 2265 Kraft Drive, Blacksburg, VA 24060.

(2)     Along with the service of the instant Motion for Temporary Restraining Order, Preliminary and Permanent Injunction, I informed Defendant, Edward Via College of Osteopathic Medicine of the date and time that I intended to file the instant pleading.

Monroe, Louisiana, this ___*3*___ day of August, 2021.

_____
Michael L. DuBos

Sworn to and subscribed before me, Notary Public, this ___*3*___ day of August, 2021.

_____
Notary Public

Adam Karamanis
LA Bar #39544
Notary Public ID No. 174672