UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

RACHEL LYNN MAGLIULO,  CIVIL ACTION NO.: 3:21-cv-02304
MATTHEW SHEA WILLIS,
KIRSTEN WILLIS HALL AND
THE STATE OF LOUISIANA, BY
AND THROUGH ATTORNEY
GENERAL JEFF LANDRY

VERSUS  JUDGE DOUGHTY

EDWARD VIA COLLEGE OF  MAGISTRATE JUDGE MCCLUSKY
OSTEOPATHIC MEDICINE

**MEMORANDUM IN RESPONSE TO**
**MINUTE ENTRY OF AUGUST 4, 2021 (Doc. No. 4)**

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Rachel Lynn Magliulo, Matthew Shea Willis, Kirsten Willis Hall, and the State of Louisiana, by and through Attorney General Jeff Landry, who respectfully present the following in response to this Honorable Court's Minute Entry of August 4, 2021 (Doc. No. 4) as follows:

1. **Does this Court has jurisdiction in the absence of a complaint?**

While Plaintiffs' filing was submitted as a motion pursuant to Fed. R. Civ. P. 65, Plaintiffs will restyle and refile the pleading as a Complaint, pursuant to Fed. R. Civ. P. 3, by 3:00 p.m. today, August 5, 2021.

2. **Does this Court have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1)? Specifically, is the State of Louisiana a nominal party or a real party in interest?**

The State of Louisiana is not a real party in interest to the instant proceeding, as the State has only a general governmental interest in securing compliance with its laws. See Grace Ranch, LLC v. BP America Production Company, 989 F.3d 301, 309 (5th Cir. 2021); Louisiana v. Union Oil Co. of California, 458 F.3d 364 (5th Cir. 2006). However, out of an abundance of caution, the State

of Louisiana will be removed as a party in Plaintiffs' restyled Complaint.  The State will instead seek to file an amicus brief in support of Plaintiffs' restyled Complaint. Without the State as a party to the suit, there is no impediment to Court's jurisdiction under 28 U.S.C. § 1332, as the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. **Does this Court have federal question jurisdiction under 28 U.S.C. § 1331, or are there substantial questions of federal law involved?**

There is no federal question involved.  Thus, because this Court has diversity jurisdiction as described in ¶2 above, the Eerie Doctrine will apply.[1]

                                        Respectfully submitted:

                                        BREITHAUPT, DUBOS & WOLLESON,  LLC
                                        1811 Tower Drive
                                        Monroe, Louisiana 71201
                                        Telephone:   (318) 322-1202
                                        Facsimile:     (318) 322-1984
                                        Email:           michael@bdw.law
                                        Email:           adam@bdw.law


                                        _____*/s/ Michael L. DuBos*_____
                                        Michael L. DuBos (#23944), T.A.
                                        Adam R. Karamanis (#39544)


**CERTIFICATION**

I hereby certify that a copy of the above and foregoing has been duly served upon counsel of record on this 5th day of August 2021 via the Court's EM/ECF filing system.

                                 _____*/S/ Michael L. DuBos*_____
                                   Michael L. DuBos

---

[1] See Erie R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188 (1938).