# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| RACHEL LYNN MAGLIULO ET AL | CIVIL ACTION NO. 3:21-cv-02304 |
| VERSUS | JUDGE DOUGHTY |
| EDWARD VIA COLLEGE OF OSTEOPATHIC MEDICINE | MAG. JUDGE KAYLE McCLUSKY |

### EDWARD VIA COLLEGE OF OSTEOPATHIC MEDICINE'S (VCOM) MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL PURSUANT TO RULES 12(B)(1) AND 12(B)(6)

Respectfully submitted,

NEAL LAW FIRM
2485 Tower Drive, Suite 7 (71201)
PO Box 14657
Monroe, Louisiana 71207
Telephone: (318) 807-0929
Facsimile: (318) 807-0926
Email: mneal@neallawfirm.net
Email: jhaedicke@neallawfirm.net

  */s/ Mark J. Neal*
Mark J. Neal, La. Bar No. 24580

  */s/ J. Jordan Haedicke*
J. Jordan Haedicke, La. Bar No. 35612

**TABLE OF CONTENTS**

| | | |
|---|---|---:|
| I. | Introduction and Procedural Posture | 1 |
| II. | Plaintiffs' Claims for Relief | 2 |
| III. | Law and Argument | 3 |
| | 1. Rule 12(b)(1) motion to dismiss | 3 |
| | 2. Rule 12(b)(6) motion to dismiss | 4 |
| | 3. Mootness | 4 |
| IV. | Exception | 7 |
| V. | Argument | 8 |
| VI. | Conclusion | 10 |

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Amar v. Whitley,*
    100 F.3d 22, 23 (5th Cir. 1996) ........................................................................................... 5

*American Med. Ass'n v. Bowen,*
    857 F.2d 267, 270 (5th Cir. 1988) ....................................................................................... 4

*Ashcroft v. Iqbal,*
    556 U.S. 662, 674 (2009) ..................................................................................................... 4

*Atl. Corp. v. Twombly,*
    550 U.S. 544, 555 (2007) ..................................................................................................... 4

*Bayou Liberty Ass'n v. United States Army Corps of Eng'rs,*
    217 F.3d 393, 398 (5th Cir. 2000) ....................................................................................... 7

*Brown v. Schedler,*
    2018 U.S. Dist. LEXIS 75010 * (E.D. La. 2018) ............................................................... 7

*City of Clinton v. Pilgrim's Pride Corp.,*
    632 F.3d 148, 152-53 (5th Cir. 2010) .................................................................................. 4

*DeFunis v. Odegaard,*
    416 U.S. 312, 316 (1974) ................................................................................................. 6, 7

*Env't Conservation Org. v. City of Dall.,*
    529 F.3d 519, 527 (5th Cir. 2008) ....................................................................................... 4

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC),*
    528 U.S. 167, 180 (2000) ..................................................................................................... 5

*Harris v. City of Houston,*
    1998 U.S. App. LEXIS 18589* (5th Cir. 1998) ............................................................. 6, 7

*Henschen v. City of Houston,*
    959 F.2d 584, 587 (5th Cir. 1992) ....................................................................................... 5

*Marilyn T., Inc. v. Evans,*
    803 F.2d 1383, 1384 (5th Cir. 1986) .................................................................................. 6

*McCorvey v. Hill,*
    385 F.3d 846, 848 (5th Cir. 2004), *cert. denied*, 543 U.S. 1154 (2005) ........................... 5

*O'Shea v. Littleton,*
    414 U.S. 488, 495-496 (1974) .................................................................................. 4

*Pederson v. La. State Univ.*,
    213 F.3d 858, 874 (5th Cir. 2000) ........................................................................... 5

*Ramming v. United States,*
    281 F.3d 158, 161 (5th Cir. 2001) ........................................................................... 3

*Seafarers Int'l Union of N. Am. v. National Marine Servs., Inc.*,
    820 F.2d 148, 151-52 (5th Cir. 1987) ................................................................. 5, 6

*Spencer v. Kemna,*
    523 U.S. 1, 7 (1998) ............................................................................................ 3, 4

*Tex. Office of Pub. Util. Counsel v. F.C.C.*,
    183 F.3d 393, 413 n.16 (5th Cir. 1999) ................................................................... 5

*U.S. Parole Comm'n v. Geraghty,*
    445 U.S. 388, 397 (1980) ......................................................................................... 5

*Williamson v. Tucker,*
    645 F.2d 404, 413 (5th Cir. 1981) ........................................................................... 3

## FEDERAL STATUTE

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 4

U.S. CONST. art. III, § 2 .................................................................................................. 3

I.      **Introduction and Procedural Posture:**

For purposes of the instant motion for partial dismissal based on mootness, VCOM will limit its discussion to the relief requested by plaintiffs Rachel Lynn Magliulo, Matthew Shea Willis, and Kirsten Willis Hall (collectively "plaintiffs") and the undisputed facts that have rendered certain requested relief moot. It is undisputed that VCOM did not force plaintiffs or any of its students to take the Covid vaccination against their will, and it is undisputed that VCOM granted religious exemptions to plaintiffs exempting them from the Covid vaccine requirement. Thus, plaintiffs requested injunctive relief "prohibiting, restraining, and/or enjoining Defendant [VCOM] mandating that Plaintiffs receive a COVID-19 vaccination as a condition of enrollment at VCOM…" is moot, as plaintiffs were officially exempted from such requirement. Accordingly, plaintiffs' claims based on and requesting relief for mandatory vaccination should be dismissed.

Plaintiffs, all of whom are VCOM students, initiated the instant matter by filing a motion for temporary restraining order, preliminary injunction and permanent injunction [Doc. No. 1] ("motion"). In response, the court entered a Minute Entry [Doc. No. 4] requesting plaintiffs brief, amongst other issues, the issue of the court's jurisdiction in the absence of a complaint. In lieu of briefing such issue, plaintiffs filed a first amended complaint for temporary restraining order, preliminary injunction and permanent injunction [Doc. No. 8] ("amended complaint").

Plaintiffs' motion and amended complaint are essentially identical. The only differences throughout the entirety of the respective pleadings are: 1) the Attorney General was a named plaintiff in the motion [Doc. No. 1], but due to possible jurisdictional issues, was removed as a plaintiff in the amended complaint [Doc. No. 8]; 2) the title of the respective pleadings, i.e., "motion" vs. "first amended complaint"; and 3) the Jurisdiction section of the amended complaint [Doc. No. 8] adds one sentence that is not included in the motion [Doc. No. 1] as to why plaintiffs'

1

alleged damages exceed $75,000. These are the sole modifications; all else in the motion and amended complaint are identical, including the requested relief. Consequently, the instant lawsuit before the court is merely a motion for injunctive relief in disguise as a complaint.

On August 17, 2021, in a memorandum order [Doc. No. 19] (the "order"), the court granted plaintiffs' motion for temporary restraining order [Doc. No. 1]. The order [Doc. No. 19] enjoined and restrained VCOM from mandating plaintiffs receive a COVID-19 vaccination as a condition of enrollment and from retaliating against, or, discriminating against Plaintiffs for filing this proceeding. The order [Doc. No. 19] further stated the TRO shall remain in effect pending the final resolution of this case, or upon further orders from the courts.

The hearing for plaintiffs' request for a preliminary injunction is currently set for November 2, 2021.

**II.     Plaintiffs' Claims for Relief:**

Plaintiffs' amended complaint [Doc. No. 8] requests relief in the form of: 1) a temporary restraining order "prohibiting, restraining and/or enjoining Defendant mandating that Plaintiffs receive a COVID-19 vaccination as a condition of enrollment at VCOM and further prohibiting, restraining and enjoining Defendant, VCOM, from retaliating against, coercing, threatening, or discriminating against Plaintiffs for availing themselves of their right not to be vaccinated against their will"; 2) a preliminary injunction for same; 3) a permanent injunction for same; and 4) "For any and all other relief to which Plaintiffs are or may be entitled, whether in law or in equity."

Accordingly, the relief the court can grant is limited to injunctive relief prohibiting VCOM from requiring plaintiffs, but, specifically, <u>only</u> named plaintiffs herein, receive a COVID-19 vaccination as a condition of enrollment and from retaliating, in any form, against plaintiffs for exercising their right to not receive a vaccine. As VCOM, of their own accord, officially exempted

2

plaintiffs on August 6, 2021, prior to the court's grant of the TRO, from the COVID-19 vaccination requirement, plaintiffs' claims for relief are moot: there indisputably has not been nor will there be forced COVID-19 vaccination as a condition of enrollment at VCOM. Consequently, there is no live claim upon which the court can grant relief; thus, the claims must be dismissed.

### III. Law and Argument:

1. *Rule 12(b)(1) motion to dismiss:*

The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (*per curiam*) (citations omitted). Accordingly, the plaintiff <u>constantly</u> bears the burden of proof that jurisdiction does in fact exist in any case originally filed in federal court. *Id*. (emphasis added). In reviewing a motion under 12(b)(1), the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *Id.* at 412-13.

Article III of the Constitution confines federal courts to adjudicating actual "cases" and "controversies." U.S. CONST. art. III, § 2. Under the case or controversy requirement, the parties must continue to have a personal stake in the outcome of the lawsuit. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). This means that, throughout the litigation, a plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. *Id*.

2. *Rule 12(b)(6) motion to dismiss:*

A party may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiff must allege facts that support the elements of the cause of action in order to make out a valid claim. *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010). A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009); *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. And, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*.

3. *Mootness*:

As a general rule, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot. *Env't Conservation Org. v. City of Dall.*, 529 F.3d 519, 527 (5th Cir. 2008) (internal quotation omitted). If a dispute has been resolved or if it has been evanesced because of changed circumstances, including the passage of time, it is considered moot. *American Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988) (citation omitted). If a case becomes moot, it deprives the court of jurisdiction and should be dismissed under Rule 12(b)(1). *Spencer*, 523 U.S. at 7. Past exposure to illegal conduct does not in itself show a <u>present</u> case or controversy regarding injunctive relief, if unaccompanied by any continuing present adverse effects. *O'Shea v. Littleton*, 414 U.S. 488, 495-496 (1974) (emphasis added).

"Mootness" is described as "the doctrine of 'standing' set in a time frame: The requisite personal interest that must exist at the commencement of litigation (standing) must continue

4

throughout its existence (mootness)." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980). The mootness doctrine ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit, including the pendency of the appeal. *McCorvey v. Hill*, 385 F.3d 846, 848 (5th Cir. 2004), *cert. denied*, 543 U.S. 1154 (2005). As stated by the Fifth Circuit, "[m]ootness goes to the heart of our jurisdiction under Article III of the Constitution. Therefore, we must consider mootness even if the parties do not raise it, because 'resolution of this question is essential if federal courts are to function within their constitutional spheres of authority.'" *Tex. Office of Pub. Util. Counsel v. F.C.C.*, 183 F.3d 393, 413 n.16 (5th Cir. 1999).

An issue is moot if a judgment or decree on that issue has been deprived of practical significance or made abstract or purely academic. *Amar v. Whitley*, 100 F.3d 22, 23 (5th Cir. 1996). Thus, a case is moot when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect, and when the parties no longer hold a personal stake in the outcome. *Id*.; *see also Henschen v. City of Houston*, 959 F.2d 584, 587 (5th Cir. 1992). It is well settled that courts will not decide abstract, hypothetical, or moot controversies, or render advisory opinions with respect to such controversies. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC)*, 528 U.S. 167, 180 (2000).

A moot claim fails to present a "justiciable controversy"; an existing actual and substantial dispute involving the legal relations of parties who have real adverse interests and upon whom the judgment of the court may effectively operate through a decree of conclusive character. *Id*. at 180. "Justiciability" must be analyzed separately on the issues of money damages and the propriety of injunctive relief. *Pederson v. La. State Univ.*, 213 F.3d 858, 874 (5th Cir. 2000).

In the context of motions for injunctive relief, a request for injunctive relief generally becomes moot when the event sought to be enjoined takes place. *See, e.g., Seafarers Int'l Union*

*of N. Am. v. National Marine Servs., Inc.*, 820 F.2d 148, 151-52 (5th Cir. 1987) (holding once the action the plaintiff sought to have enjoined has occurred, the case is mooted because no order of the court could affect the parties' rights with respect to the injunction called upon to review); *Marilyn T., Inc. v. Evans*, 803 F.2d 1383, 1384 (5th Cir. 1986) (holding plaintiff's appeal from the denial of preliminary injunctive relief against the suspension of a license moot once the license was permanently revoked). Once the event sought to be enjoined occurs or is revoked, no order of the court can affect the rights of the parties with regard to the requested relief. *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (noting that the "starting point" for an analysis of mootness is the proposition that federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them).

Moreover, if plaintiff requests only injunctive relief and does not request damages, nominal or compensatory, or requests the court invalidate the alleged unlawful act subject of the injunctive relief, then, once the act is dispensed with, the claims are moot. *Harris v. City of Houston*, 1998 U.S. App. LEXIS 18589* (5th Cir. 1998). If there is no relief requested other than injunctive relief, the court is left with no viable relief to grant once the alleged unlawful act has occurred. *Id*. at *9. Importantly, a court <u>cannot</u> "read into" plaintiff's complaint additional requests for relief and then proceed to an adjudication on the merits of such "read into" requests. *Id*. at *14.

In *Harris, supra*, as a tactical matter, plaintiffs limited and focused their complaint solely to enjoining specified acts of defendant. *Id*. The *Harris* plaintiffs framed even their general prayer for relief in equitable terms. ("Plaintiffs request all further relief to which they may show themselves to be justly entitled.") *Id*. The court noted that plaintiffs perhaps favored this strategy to ensure the court would not grant damages as an adequate remedy in lieu of injunctive relief, but regardless of why plaintiffs requested only injunctive relief, the court stated it could not conjure

6

up relief independent of the record. *Id*. at *13. Thus, the court held the action was brought to enjoin specified events, and when both such events occurred, the basic underlying dispute between the parties ended, and the case became moot. *Id*.

When a civil case becomes moot pending adjudication, the established practice in the federal system is to dismiss. *Brown v. Schedler*, 2018 U.S. Dist. LEXIS 75010 * (E.D. La. 2018).

**IV.** **Exception:**

There does exist an exception to the mootness doctrine for issues capable of repetition yet evading review. The capable-of-repetition doctrine applies <u>only</u> in exceptional situations where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the <u>same</u> complaining party will be subject to the <u>same</u> action again. *Bayou Liberty Ass'n v. United States Army Corps of Eng'rs*, 217 F.3d 393, 398 (5th Cir. 2000) (emphasis added). A situation capable of repetition must be capable of repetition to <u>each specific plaintiff</u>, individually, and the action must be identical. *DeFunis v. Odegaard*, 416 U.S. 312 (1974) (emphasis added). Even if plaintiffs are subject to the same type of action, but not identical action, in the future, plaintiffs would nonetheless have an opportunity to challenge that specific action, and any new agency action would require its own decision that could be challenged in court. *Id*. at 316.

Herein, the specific named plaintiffs have been granted exemption to the specific COVID-19 vaccination requirement currently in effect; thus, there can be no reasonable expectation that plaintiffs would be forced to receive the specific COVID-19 vaccination requirement currently in effect. Thus, the capable-of-repetition doctrine does not apply. Moreover, any future vaccination policy in which VCOM requires certain vaccinations as a condition of enrollment would have to

7

be challenged independently from the specific COVID-19 vaccination requirement at issue here. Thus, an exception to the mootness doctrine does not apply herein.

**V.     Argument:**

In the instant matter, any further judgment or decree rendered by the court will serve no useful purpose; will give no practical relief or effect; and plaintiffs no longer hold a personal stake in the outcome; therefore, plaintiffs' claims for relief are moot. VCOM granted plaintiffs' requests for exemption to the COVID-19 vaccination requirement, so plaintiffs will not be mandated to receive such vaccination as a condition of enrollment, the exact relief requested for in plaintiffs' amended complaint. As such, the event sought to be enjoined (forced COVID-19 vaccination) has been dispensed with; thus, the basic underlying dispute between the parties has ended, and the case has become moot.

Based upon the fluidity of the COVID-19 situation as a whole, the recent full FDA approval given to at least one COVID-19 vaccination, and plaintiffs receiving exemptions from the current vaccinations, the dispute made basis of plaintiffs' claims for relief has been resolved and/or has been evanesced because of changed circumstances and is, thus, considered moot. As there exists no present case or controversy regarding injunctive relief, the only relief requested by plaintiffs, the court is deprived of jurisdiction, and the claims should be dismissed pursuant to Rule 12(b)(1).

Additionally, any judgment or decree rendered by the court based upon restrictions or safety measures to which unvaccinated students must adhere is not an issue properly before the court, as such restrictions were not made part of plaintiffs requested injunctive relief. The Fifth Circuit has made clear that a court cannot "read into" plaintiffs' complaint additional requests for relief and then proceed to an adjudication on the merits of such "read into" requests, which is what a judgment herein addressing restrictions for unvaccinated students would be. Thus, a decision by

8

the court regarding the reasonableness of restrictions placed upon unvaccinated students, outside the scope of plaintiffs' requested relief, would amount to rendering an improper advisory opinion on an abstract, hypothetical controversy.

To summarize the issues before the court, plaintiffs' motion [Doc. No. 1] and amended complaint [Doc. No. 8] requested VCOM be enjoined from mandating plaintiffs receive a COVID-19 vaccination as a condition of enrollment and VCOM be enjoined from retaliating against plaintiffs for exercising their right to not be vaccinated. VCOM provided plaintiffs an opportunity to apply for a vaccination exemption; plaintiffs applied; and on August 6, 2021, plaintiffs were granted exemptions. Thus, plaintiffs have taken a "dissent," which VCOM granted, and have not been nor will be required by VCOM to receive the COVID-19 vaccination as a condition of enrollment. While plaintiffs may maintain VCOM is precluded from requiring adherence to reasonable restrictions and/or safety measures, such claims were not asserted in their requested injunctive relief and would be more appropriately addressed in a separate proceeding.

Furthermore, plaintiffs' identities have never been revealed to the public or other VCOM students by VCOM officials. VCOM has communicated to the entire student body that any retaliation against other students based upon pending litigation is not acceptable and will not be tolerated. Any published media identifying plaintiffs herein by name was not initiated and/or approved by VCOM. However, recently, plaintiffs were seen posing for media in front of the VCOM campus, and any potential public retaliation resulting from such media is beyond VCOM's control.

As VCOM has not mandated plaintiffs receive the COVID-19 vaccination as a condition of enrollment and has not retaliated against plaintiffs for exercising their right to not receive the vaccine, the court cannot issue the injunctive relief plaintiffs seek because the court cannot enjoin

9

non-existent action, and any ordered relief would be ineffective. There simply is no ongoing harm for the court to remedy. Accordingly, any further order in the instant matter would be purely advisory, and rendition of such opinions is reprobated by law. Thus, plaintiffs' claims have become moot and must be dismissed.

### IV.     Conclusion:

For the reasons outlined above, VCOM shows plaintiffs' claims for injunctive relief are not "live" claims and, thus, have become moot. As such, the court no longer has jurisdiction over such claims that must be dismissed pursuant to Rules 12(b)(1) and 12(b)(6). Accordingly, VCOM requests the court grant its motion for partial dismissal.

Respectfully submitted,

NEAL LAW FIRM
2485 Tower Drive, Suite 7 (71201)
PO Box 14657
Monroe, Louisiana 71207
Telephone: (318) 807-0929
Facsimile: (318) 807-0926
Email: mneal@neallawfirm.net
Email: jhaedicke@neallawfirm.net

   /s/ Mark J. Neal
Mark J. Neal, La. Bar No. 24580

   /s/ J. Jordan Haedicke
J. Jordan Haedicke, La. Bar No. 35612

### CERTIFICATE

I hereby certify that a copy of the above and foregoing has been duly served upon counsel of record on this 14th day of September 2021 via the Court's EM/ECF filing system.

      /s/ *Mark J. Neal*
Mark J. Neal, APLC