UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| RACHEL LYNN MAGLIULO ET AL | CIVIL ACTION NO. 3:21-cv-02304 |
| VERSUS | JUDGE DOUGHTY |
| EDWARD VIA COLLEGE OF OSTEOPATHIC MEDICINE | MAG. JUDGE KAYLE McCLUSKY |

### EDWARD VIA COLLEGE OF OSTEOPATHIC MEDICINE'S (VCOM) SUR-REPLY TO PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR CONTEMPT

NOW INTO COURT, through undersigned counsel, comes defendant Edward Via College of Osteopathic Medicine ("VCOM"), who offers the following *sur-reply* to plaintiffs' reply to defendant's opposition to plaintiffs' motion for contempt [Doc. No. 27]:

**1.  Lack of evidence proving contempt:**

Yet again, plaintiffs have shown no actions taken by VCOM that rise to the level of "clear and convincing" retaliation and/or discrimination against plaintiffs, as is required in a civil contempt proceeding. *See Travelhost, Inc. v. Blandford*, 68 F.3d 958 (5th Cir. 1995). As discussed at length in VCOM's opposition to plaintiff's motion for contempt [Doc. No. 24], "intent" does not prove civil contempt; rather, the movant must show specific, identifiable actions that, on their face, directly violate the court's order. *See Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987), *cert. denied*, 487 U.S. 1205 (1988); *Jim Walter Resources v. International Union, United Mine Workers of America*, 609 F.2d 165, 168 (5th Cir. 1980).

Thus, herein, plaintiffs must show by clear and convincing evidence that VCOM's actions, standing alone, caused direct retaliation and discrimination to plaintiffs. Plaintiffs have not only

failed to show this by clear and convincing evidence, but have failed to show a single instance of <u>actual harm</u>, whether discriminatory or retaliatory, resulting from VCOM's actions. As such, despite VCOM's alleged "divisive, inflammatory language," plaintiffs have not suffered any harm, let alone irreparable harm, leaving the court to address only the speculative harm alleged by plaintiffs. Yet, as the court is well aware, federal courts are expressly prohibited from issuing rulings on speculative damages, as such rulings amount to forbade advisory opinions; thus, this court has no issue before it on which it could properly issue a judgment.

**2.      <u>VCOM's travel policy during Covid-19</u>**:

In plaintiffs' reply to defendant's opposition to motion for contempt, plaintiffs allege VCOM has instituted another discriminatory policy that seeks to restrict plaintiffs' "liberty of movement." First and foremost, such policy addressing travel during Covid-19 applies to <u>all</u> VCOM students across <u>all</u> campuses, not solely plaintiffs herein, and plaintiffs fail to allege how such policy has caused <u>actual</u> retaliatory and/or discriminatory harm. Yet again, plaintiffs only discuss speculative harm they could possibly suffer, because plaintiffs have not actually suffered real, identifiable harm or damages as a result of VCOM's actions at issue herein. Thus, plaintiffs, once more, are requesting the court issue a prohibited advisory opinion on speculative harm that could apparently result from VCOM's travel policy, despite the law specifically forbidding just such a ruling.

The travel policy at issue, entitled "Guidance for VCOM Students, beginning 9-1-2021", was disseminated to all VCOM students across all campuses and follows the <u>direct promulgations</u> of the CDC's travel guidelines, as updated on August 25, 2021, for vaccinated and unvaccinated during Covid-19.[1] Thus, if plaintiffs take issue with such restrictions, then perhaps plaintiffs

---

[1] See: https://www.cdc.gov/coronavirus/2019-ncov/travelers/international-travel-during-covid19.html.

should take the matter up with the CDC, opposed to VCOM, who is simply following the rules as set by the CDC, not making them.  Moreover, this alleged discrimination levied against plaintiffs by, ultimately, the CDC, through VCOM, banning or restricting plaintiffs' ability to travel has not been shown to have caused even a modicum of harm or damage, let alone irreparable harm or damage, to plaintiffs.

If this policy is "clear and convincing evidence" of retaliatory or discriminatory actions by VCOM directed at plaintiffs to serve as a basis for contempt, then where is the harm, injuries, damages incurred as a result of such horrid, discriminatory behavior engaged in by VCOM?  Did plaintiffs have travel plans that had to be canceled because of VCOM's travel policy, which caused harm?  Apparently not; plaintiffs make no such allegation.  Because of VCOM's travel policy, were plaintiffs expressly alienated by the remainder of the student body, which caused harm?  Apparently not; plaintiffs point to not a single actual instance of alienation, but, rather, state it in but mere hypothetical, speculative terms.

Because plaintiffs have not suffered genuine harm, they resort to another discussion of VCOM's alleged intent behind the travel policy as their sole proof of violation of the TRO [Doc. No. 19].  Plaintiffs address the "implications" of the policy; yet, such "implications" are nothing more than plaintiffs' own subjective interpretation of the policy, which proves nothing.  As "intent", whether proven or not, cannot be considered in a civil contempt proceeding and plaintiffs have failed to even attempt a showing of real harm suffered as a result of the travel policy, it is clear that plaintiffs' motion for contempt amounts to nothing more than plaintiffs' <u>personal</u> disagreement with VCOM's policy.  Just like plaintiffs do not have to conform their personal beliefs to align with VCOM policies, VCOM does not have to conform its neutral policies to align with plaintiffs' personal beliefs.  Instead of bringing non-discriminatory <u>personal</u> disagreements

3

before a court of law, a much simpler and cost-effective solution for plaintiffs is to exercise their freedom of choice by choosing a school whose policies do align with plaintiffs' personal beliefs.

Plaintiffs cannot show any genuine harm suffered as a result of VCOM's policies or actions; thus, the basis of plaintiffs' motion for contempt is "intent", a prohibited consideration in a civil contempt proceeding, and speculative harm, a prohibited basis for a federal court ruling. Thus, plaintiffs have provided the court with absolutely nothing on which the court could properly base a judgment. Accordingly, plaintiffs' motion for contempt [Doc. No. 21] should be denied.

> Respectfully submitted,
>
> NEAL LAW FIRM
> 2485 Tower Drive, Suite 7
> PO Box 14657
> Monroe, Louisiana 71201
> Telephone: (318) 807-0929
> Facsimile: (318) 807-0926
> Email: mneal@neallawfirm.net
> Email: jhaedicke@neallawfirm.net
>
> __/s/ Mark J. Neal_____
> Mark J. Neal, La. Bar No. 24580
>
> __/s/ J. Jordan Haedicke_____
> J. Jordan Haedicke, La. Bar No. 35612

## **CERTIFICATE**

I hereby certify that a copy of the above and foregoing has been duly served upon counsel of record on this 26th day of September 2021 via the Court's EM/ECF filing system.

_____/s/ *Mark J. Neal*_____
Mark J. Neal, APLC