# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

RACHEL LYNN MAGLIULO ET AL        CIVIL ACTION NO. 3:21-cv-02304

VERSUS        JUDGE DOUGHTY

EDWARD VIA COLLEGE OF        MAG. JUDGE KAYLA McCLUSKY
OSTEOPATHIC MEDICINE

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO REOPEN CASE AND SET ASIDE THE CONSENT JUDGMENT

NOW COMES, through undersigned counsel, defendant Edward Via College of Osteopathic Medicine ("VCOM"), which submits the following opposition to plaintiffs' motion to reopen case and set aside the consent judgment [Doc. No. 43] (hereinafter "plaintiffs' motion"):

## I.    Introduction:

Plaintiffs' request for the court to exercise the extraordinary remedy of reopening the case and setting aside the October 11, 2021 consent judgment are based upon the alleged "irreparable harm" plaintiffs have suffered "through the actions of the defendant in violation of the Consent Judgment." These alleged violations of the consent judgment [Doc No. 35] are the sole basis plaintiffs provided to prove the consent judgment should be vacated. Interestingly, plaintiffs cited no statutory or jurisprudential authority supporting their contention the consent judgment must be vacated. Moreover, they cited no law even providing the legal basis and requirements allowing for a consent judgment to be vacated. Thus, plaintiffs' motion consists of nothing more than conclusory allegations based solely upon their subjective opinions. Such fails to prove entitlement to the relief requested therein.

At issue is the consent judgment [Doc. No. 35] filed on October 19, 2021, signed by each individual plaintiff, plaintiffs' counsel of record at that time, VCOM's representative, VCOM's

counsel of record, and the court. Such judgment stated "The parties herein, represented by their counsel of record, have entered into a compromise that resolves all issues in this proceeding…" [Doc. No. 35]. Thus, the consent judgment resolved <u>all</u> matters by and between the parties hereto and effectively closed the case. Yet, a mere five (5) weeks later, plaintiffs have requested the court to take the extraordinary step of vacating the consent judgment [Doc. No. 35], irrespective of the merits of the alleged violations, based on nothing more than alleged violations of the terms of the judgment. Such basis does not meet the threshold showing of exceptional circumstances required to warrant vacating a consent judgment. A motion to set aside a consent judgment is not a second opportunity for a party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed, which is exactly what plaintiffs' motion amounts to.

As stated, plaintiffs' motion provides <u>no legal</u> basis for vacating the consent judgment [Doc. No. 35], and, as such, plaintiffs' motion fails on its face. However, out of an abundance of caution, VCOM will set forth below the legal basis as to why the consent judgment [Doc. No. 35] cannot be vacated and plaintiffs' motion [Doc. No. 43] must be denied.[1]

## II.    <u>Law and Argument:</u>

Though not once mentioned in plaintiffs' motion or memorandum in support [Doc. Nos. 43 and 43-1], Fed. R. Civ. P. 60(b) is the statutory law establishing the relief plaintiffs seek. Rule 60(b) provides that a court, "[o]n motion and just terms," may "relieve a party or its legal representative from a final judgment, order, or proceeding" due to (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether

---

[1] Should the court deem necessary, VCOM will provide a more in-depth analysis and opposition of plaintiffs' motion. Considering the "Motion Ripe Deadline Set For 11/30/2021" included in the communique from the court regarding plaintiffs' motion, VCOM felt a brief opposition filed within a few short days of plaintiffs' filing to be more prudent.

previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The moving party bears the burden of showing why a consent decree should be vacated under Rule 60(b). *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005); *League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 438 (5th Cir. 2011). Granting relief under Rule 60(b) is "an extraordinary remedy which should be used sparingly." *Templet v. HydroChem Inc*., 367 F.3d 473, 479 (5th Cir. 2004); *see also Pease v. Pakhoed*, 980 F.2d 995, 998 (5th Cir. 1993) ("Courts are disinclined to disturb judgments under the aegis of Rule 60(b)."). Consequently, the scope of relief that may be obtained under Rule 60(b) is strictly limited. *Templet*, 367 F.3d at 478. A motion to vacate a judgment is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*.

A consent decree is a final judgment, even though it is a consensual judgment resulting from an agreement between the parties, rather than one rendered on the merits following trial. *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 391 (1992). As a result, a consent decree is still "subject to the rules generally applicable to other judgments and decrees," including Rule 60. *Id.* at 378. Thus, as with judgments obtained after adversarial proceedings that proceeded through trial, policy considerations do not favor setting aside a consensual judgment on a Rule 60(b) motion. *Id.*; *Templet*, 367 F.3d at 479. In order to obtain relief from a judgment under Rule 60(b), the movant must show she has a meritorious claim or defense such that the presiding court is convinced that vacating the judgment, and retrying the matter, is not an empty exercise. *Pease*,

980 F.2d at 998. Consequently, conclusory statements that a claim or defense is meritorious are insufficient. *Id.*; *Rufo*, 502 U.S. at 383.

Yet, plaintiffs herein not only fail to mention Rule 60(b), the basis for the relief requested, but also provide no factual allegations alluding to a Rule 60(b) provision under which the consent judgment [Doc. No. 35] should be vacated. Rather than discussing the actual negotiations and execution of the consent judgment [Doc. No. 35] itself, which is the proper foundation for vacating a consent judgment, plaintiffs' motion, and memorandum [Doc. Nos. 43 and 43-1] focus solely on alleged violations of the terms of the consent judgment, which are insufficient, unsubstantiated conclusory allegations that provide no legally cognizable basis for relief pursuant to Rule 60(b), or otherwise. Thus, plaintiffs have not made a colorable showing that the consent judgment [Doc. No. 35] is invalid due to error, duress, fraud, or any Rule 60(b) provision, and have failed to demonstrate that enforcement of the consent judgment [Doc. No. 35] is no longer equitable.

The alleged "multiple violations of the consent judgment by the Defendant" are, according to plaintiffs, embodied in VCOM's October 21, 2021, guidelines, entitled "Guidance for VCOM Students (taking effect 10/21/2021)" (see [Doc. No. 43-1, Exh. "A"]) (the "new guidelines"). Plaintiffs assert the new guidelines are discriminatory against them based on plaintiffs' "medical condition."  Plaintiffs have unilaterally and with no legal or logical basis equated "medical condition" to "unvaccinated persons."  Such an unfounded, illogical allegation does not warrant discussion.

The consent judgment [Doc. No. 35] dictates plaintiffs shall remain subject to reasonable safety measures as promulgated by the CDC for unvaccinated persons attending IHEs; VCOM's new guidelines promulgate reasonable safety measures upon the unvaccinated plaintiffs in accordance with the CDC guidelines for unvaccinated persons. Yet, providing no evidentiary or

legal basis, plaintiffs summarily concluded the CDC guidelines conflict with Louisiana law, and, thus, violate the consent judgment [Doc. No. 35]. With no analysis, legal authority, or examples in support of this arbitrary conclusion that the new guidelines violate Louisiana law, such allegation provides no legal or evidentiary basis for vacating the consent judgment [Doc. No. 35].

Plaintiffs further assert the new guidelines violate the consent judgment [Doc. No. 35] based upon its policies for vaccinated people. Not only is such a discussion inapposite to the required evidentiary proof for vacating a consent judgment, but it is also wholly irrelevant to the consent judgment [Doc. No. 35] at issue herein, which applies only to the unvaccinated. Thus, this argument does not necessitate an in-depth analysis, as, based on the face of the consent judgment [Doc. No. 35], because plaintiffs herein are unvaccinated, they lack standing to assert a right of action/cause of action concerning VCOM's treatment of vaccinated students.

Plaintiffs also assert the new guidelines' travel restrictions for unvaccinated students violate the consent judgment [Doc. No. 35]. Not only are these travel restrictions identical to those in place at the time plaintiffs agreed to and signed the consent judgment [Doc. No. 35], but a violation of a term of a consent judgment based on travel restrictions is not of such weight as to outbalance the general policy in favor of finality of litigation concluded by a consent judgment.

Interestingly, the new guidelines on which plaintiffs base their entitlement to vacating the consent judgment [Doc. No. 35] are actually less onerous as to the use of the daily healthcare app and the frequency of testing for unvaccinated students than were the guidelines in place at the time plaintiffs agreed to and executed the consent judgment [Doc. No. 35].

Though irrelevant to the issue before the court, plaintiffs reference undersigned counsel's November 17, 2021, letter to plaintiffs' counsel, asserting the content of the letter violates plaintiffs' rights under La. R.S. 17:170. Such argument is meritless, as plaintiffs were granted

17:170 protection to "dissent" to the vaccine during an August 8, 2021 meeting which was specifically scheduled to address the plaintiffs' requests for vaccination exemptions (and which VCOM[2] scheduled well in advance of plaintiffs' initial August 3, 2021 complaint). What's more, VCOM's Ethical Standards Board and Honor Code Council are inapposite to R.S. 17:170. The content of the letter is outside the scope of evidentiary requirements to vacate a consent judgment, and is thus immaterial and extraneous. In short, under the circumstances here presented, based on the alleged violations of the consent judgment [Doc. No. 35], it is not "manifestly unconscionable" to enforce the consent judgment [Doc. No. 35], and, therefore, plaintiffs are not entitled to the equitable relief so sought by the instant motion [Doc. No. 43].

Lastly, plaintiffs set forth an entirely new cause of action against VCOM, alleging the new guidelines discriminate against plaintiffs based on plaintiffs' "physical condition" in violation of Article I, Sections 3 and 12 of the Louisiana Constitution. The instant motion [Doc. No. 43] is not the proper procedural tool to introduce an entirely new claim for relief. A Rule 60(b) motion is not an appropriate vehicle for introducing new claims into an action. *McCormick v. City of Chicago*, 230 F.3d 319 (7th Cir. 2000), *reh'g denied*, 2000 U.S. App. LEXIS 29739 (7th Cir. Nov. 16, 2000).

## III.   Conclusion:

Plaintiffs herein made a deliberate, strategic choice to settle the instant matter via consent judgment [Doc. No. 35], which involved numerous drafts negotiated between counsel and each plaintiff's individual approval and signature thereon. Plaintiffs cannot now, a mere five (5) weeks later, be relieved of such choice merely because their assessment of the consequences/outcome was undesirable or incorrect. Under Rule 60(b), plaintiffs must establish more than a case of

---

[2] VCOM's Monroe, Louisiana medical school facility is a closed, private campus. Only VCOM employees and students are allowed access to the medical school building. VCOM has a 98% COVID-19 student vaccination rate and a 94% COVID-19 employee vaccination rate. At present, VCOM has no existing cases of COVID-19.

"buyer's remorse," or that they have decided it is no longer convenient to live with the terms of the consent judgment [Doc. No. 35]. Plaintiffs' current displeasure regarding the consent judgment [Doc. No. 35] does not constitute extraordinary circumstances sufficient for relief pursuant to Rule 60(b).

Likewise, plaintiffs have not provided <u>any</u> caselaw or legal authority proving the consent judgment [Doc. No. 35] should be vacated. The court approved the consent judgment [Doc. No. 35] finding it to be fair, adequate, and reasonable, and entered it as a final judgment on October 19, 2021 [Doc. No. 35]. Plaintiffs' arguments for vacating the consent judgment [Doc. No. 35] provide no legally cognizable basis for relief pursuant to Rule 60(b), or otherwise. Plaintiffs have failed to present any law or evidence that the consent judgment [Doc. No. 35] is <u>not</u> a fair, adequate, and reasonable settlement of the instant case. The Fifth Circuit has instructed that reconsideration is "an extraordinary remedy that should be used sparingly," with relief being warranted only when the basis for relief is "clearly established."  Here, even construing plaintiffs' motion [Doc. No. 43] liberally, plaintiffs have inarguably failed to present a clearly established basis for vacating the consent judgment [Doc. No. 35], and, thus, their motion to reopen case and set aside the consent judgment [Doc. No. 43] should be denied.

Respectfully submitted,

NEAL LAW FIRM
2485 Tower Drive, Suite 7 (71201)
PO Box 14657
Monroe, Louisiana 71207
Telephone: (318) 807-0929
Facsimile:  (318) 807-0926
Email:  mneal@neallawfirm.net
Email:  jhaedicke@neallawfirm.net


___/s/ Mark J. Neal_____
Mark J. Neal, La. Bar No. 24580


___/s/ J. Jordan Haedicke_____
J. Jordan Haedicke, La. Bar No. 35612


## **CERTIFICATE**

I hereby certify that a copy of the above and foregoing has been duly served upon counsel of record on this 7th day of December 2021 via the Court's EM/ECF filing system.


_____/s/ Mark J. Neal_____
Mark J. Neal, APLC