UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| RACHEL LYNN MAGLIULO ET AL | CIVIL ACTION NO. 3:21-cv-02304 |
| VERSUS | JUDGE DOUGHTY |
| EDWARD VIA COLLEGE OF OSTEOPATHIC MEDICINE | MAG. JUDGE KAYLE McCLUSKY |

**DEFENDANT'S SUR-REPLY TO PLAINTIFFS' REPLY
IN SUPPORT OF PLAINTIFFS' MOTION TO REOPEN CASE
AND SET ASIDE THE CONSENT JUDGMENT**

NOW COMES, through undersigned counsel, defendant Edward Via College of Osteopathic Medicine ("VCOM"), which submits the following sur-reply to plaintiffs' reply to defendant's opposition to plaintiffs' motion to reopen case and set aside the consent judgment [Doc. No. 47] (hereinafter "plaintiffs' motion")[1]:

**I.      Legal Authority to Grant Requested Relief:**

Plaintiffs' original motion [Doc. No. 43] and reply motion [Doc. No. 47] cite a combined total of **one (1)** jurisprudential authority purporting to support the relief requested therein. Yet, as shown by defendant, the relief requested by plaintiffs is an "extraordinary remedy," as defined by actual jurisprudential authority, not defendant's subjective opinion. Granting relief under Rule 60(b) is "an extraordinary remedy which should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also Pease v. Pakhoed*, 980 F.2d 995, 998 (5th Cir. 1993) ("Courts are disinclined to disturb judgments under the aegis of Rule 60(b)."). Consequently, the scope of relief that may be obtained under Rule 60(b) is strictly limited. *Templet*, 367 F.3d at 478.

---

[1] Plaintiffs entitled their reply memorandum at issue "Defendant's Reply Memorandum In Support of Plaintiffs Motion to Reopen Case and Set Aside the Consent Judgment." For clarity purposes, plaintiffs' motion [Doc. No. 47] is not "*Defendant's* Reply Memorandum…", but rather their own, and defendant's instant sur-reply is in response to plaintiffs' reply to defendant's opposition to plaintiffs' motion to reopen case and set aside the consent judgment.

1

In plaintiffs' motion [Doc. No. 47], plaintiffs allege VCOM is arguing that "direct evidence demonstrating its violations of the Consent Judgment need not be reviewed or considered by this Court, and that plaintiffs should be afforded no means for redress against said violations." Such an allegation is unequivocally untrue. VCOM has argued for nothing more than a decision based on precedential, controlling law. Thus, if plaintiffs show that under the law governing the relief requested by plaintiffs, they are entitled to such relief, then plaintiffs are indeed entitled to such "means for redress against said violations." However, herein, the one (1) case cited by plaintiffs does not remotely meet the legal basis required for showing entitlement to the "strictly limited" scope of relief that may be obtained under Rule 60(b). Unfortunately for plaintiffs, courts are bound by the controlling, precedential law and must render judgments based on such law, opposed to subjective opinions and beliefs.

Courts, like all institutions, are bound by rules and regulations; there does not exist within our judicial system unfettered access to courts. Thus, prior to reaching the substantive issues addressed within any motion, a court must first determine if it has authority/jurisdiction to grant the relief requested by movant. If not, the court need not (and cannot) proceed any further. A federal court's jurisdiction must be considered at the outset of a case; a court cannot assume Article III jurisdiction for the purpose of deciding the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 118 S. Ct. 1003, 1012 (1998). Accordingly, a federal court must exercise its constitutionally mandated judicial restraint to not overreach into substantive issues when it lacks procedural authority to grant the requested relief. If a court fails to exercise such restraint, the judgment rendered will be an impermissible advisory opinion, prohibited under Article III's "case or controversy" requirement.

The rule is well settled that the party seeking a federal court's determination of an issue must demonstrate that such issue is within the competence of that court. *See Oliver v. Trunkline Gas Co.*, 789 F.2d 341, 343 (5th Cir. 1986).  Without the authority to grant the relief requested, the court cannot proceed, and the only function remaining to the court is that of announcing the fact and dismissing the issue. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977).  Yet, herein, instead of establishing any legal basis for the court to grant the relief requested in their motion [Doc. No. 47], plaintiffs admit the basis of their motion [Doc. No. 47] is this court's denial of plaintiffs' motion for leave to file second amended complaint [Doc. No. 41], which contained a footnote, in dicta, indicating if plaintiffs "wish to reopen the case, they must move to reopen the case and set aside the Consent Judgment."  Thus, based on that single footnote in the court's order, plaintiffs claim the court is entitled to exercise its discretion in granting the "extraordinary remedy" of vacating a consent judgment.

Needless to say, the court is not a law office established for legal advice—the federal judiciary decides cases, not hypothetical outcomes.  Exercising judicial restraint frees federal courts from premature interpretations of statutes in areas where their constitutional application might be cloudy. *Texas v. United States*, 497 F.3d 491, 499 (5th Cir. 2007); *Three Affiliated Tribes of Fort Berthold Reservation v. Wold Engineering, P. C.*, 467 U.S. 138, 157 (1984).  Federal courts "must rest decisions on the most narrow of grounds" (*In re Katrina Canal Litigation Breaches,* 524 F.3d 700 (5th Cir. 2008)) and should "scrupulously confine their own jurisdiction to the precise limits which [a federal] statute has defined." *Aldinger v. Howard*, 427 U.S. 1, 15 (1976).

As addressed in the one (1) case cited by plaintiffs (*Calco Crew, et. al. v. Sunray Marketing*, *LLC*, 2021 WL 3509648 (E.D. La. 2021)), courts do have discretion in deciding whether to reopen a case; however, that discretion is not limitless. *Bardwell v. Sharp*, 1995 WL

517120, *1 (E.D. La. 1995); *Beanal v. Freeport-McMoran*, 1996 U.S. Dist. LEXIS 12183 (E.D. La. 1996); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167 (5th Cir. 1990); *In re Ingram Towing Co.*, 1994 U.S. Dist. LEXIS 16870 (E.D. La. 1994). In addition to the stringent standard for reopening a case and vacating a consent judgment, the court must also evaluate the merit of plaintiffs' motion [Doc. No. 47] with the equally important doctrine of judicial restraint/ the "law of the case doctrine," which is a "rule of practice based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter." *Westside-Marrero Jeep Eagle v. Chrysler Corp., Inc.*, 56 F.Supp.2d 694, 698 (E.D. La. 1999); *see also Holden v. Connex-Metalna Mgmt. Consulting,* 2000 U.S. Dist. LEXIS 17268 (E.D. La. 2000); *Loumar v. Smith*, 698 F.2d 759, 762 (5th Cir.1983).

Herein, the lone case cited by plaintiffs, *Calco Crew, supra*, to prove entitlement to the extraordinary remedy of vacating a consent judgment and the court's authority to grant such relief is distinguishable to the matter at hand. Firstly, *Calco Crew* was a maritime suit, which is a unique area of law often involving differing statutory and procedural requirements that should not serve as the sole legal authority in a non-maritime matter. Moreover, the parties in *Calco Crew* mediated the case before the magistrate judge, reached a settlement and cited it on the record in open court; the magistrate judge then dismissed the case without prejudice on the grounds that defendant was given a reasonable time to pay the settlement, and, in the event it was not timely paid, plaintiff would be allowed to pursue its original suit. Defendant did not pay the settlement amount and plaintiff moved to reopen the case and sought additional remedies, which the court declined. Instead, the court construed the new complaint to have been validly filed only under Rule 60(b)(6) and allowed it to proceed accordingly.

However, the *Calco Crew* court ultimately dismissed the petition to vacate the settlement, observing that Rule 60(b)(6) is an extraordinary remedy applicable only in exceptional circumstances when no other remedies are available, and plaintiffs had not proven entitlement to relief pursuant to Rule 60(b)(6). Further, the court dismissed the new suit because it sought damages for new causes of action that developed <u>after</u> the judgment was originally entered. The court noted the parties could return to their original status or plaintiffs could file a petition for breach of contract in state court.

Thus, as the court herein is well aware, the procedural posture of the instant matter is substantively distinguishable from the *Calco Crew* matter. Moreover, the ultimate holding of the *Calco Crew* court supports VCOM's position that plaintiffs herein have not proven entitlement to the extraordinary remedy of vacating a consent judgment. The set of facts pertaining to violation of the settlement in *Calco Crew* were much more objective than those at issue here. In *Calco Crew*, the parties' settlement consisted of a set amount of money to be paid in a set amount of time; thus, any violation of such settlement could be objectively ascertained: if the agreed upon judgment amount was not paid within the agreed upon date, the settlement was violated. Conversely, the consent judgment [Doc. No. 35] herein contains much less concrete terms because of the inherent nature of the issues before the court; thus, a determination of an alleged violation of such judgment [Doc. No. 35] requires in-depth legal analysis regarding what constitutes "punitive" policies and "discrimination" in context of the novel, first impression issues before the court.

Yet, in *Calco Crew*, cited by plaintiffs themselves, which involved a clear-cut violation of the settlement, the court still refused to apply the extraordinary remedy of vacating a settlement judgment. Accordingly, how can the court herein grant the relief requested by plaintiffs when the

sole legal authority cited by plaintiffs does not allow for such relief? To rule otherwise would be a cavalier dismissal of the doctrine of judicial restraint by showing the court does not think it prudent to apply the precedential law establishing the stringent standards required for Rule 60(b) relief. Because of the importance of both the finality of judgments and the judiciary's limited role, the court should not proceed beyond a finding that plaintiffs' original motion [Doc. No. 43] and reply motion [Doc. No. 47] consist of nothing more than unsubstantiated allegations of violations of the terms of the judgment and citation to one (1) distinguishable case, which fail to prove plaintiffs' entitlement to the court issuing an order vacating the consent judgment [Doc. No. 35]. Such basis does not meet the threshold showing of exceptional circumstances required to warrant vacating a consent judgment, irrespective of the merits of the alleged violations. A motion to set aside a consent judgment is not a second opportunity for a party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed, which is exactly what plaintiffs' motions [Doc. Nos. 43 and 47] amount to. Accordingly, plaintiffs' motion [Doc. Nos. 43, 47] fails on its face.

## II.     Alleged Violations of Consent Judgment:

Though, as shown above, the court need not address the merits of the violations of the consent judgment [Doc. No. 35], as alleged by plaintiffs, out of an abundance of caution, VCOM will address, in brief, the lack of foundation for plaintiffs' allegations as evidentiary proof meeting the stringent requirements of Rule 60(b) relief. The alleged violations of the terms of the consent judgment [Doc. No. 35], as asserted by plaintiffs, are insufficient, unsubstantiated conclusory allegations that provide no legally cognizable basis for relief pursuant to Rule 60(b), or otherwise. Thus, plaintiffs have not made a colorable showing that the consent judgment [Doc. No. 35] is

invalid due to error, duress, fraud or any Rule 60(b) provision, and have failed to demonstrate that enforcement of the consent judgment [Doc. No. 35] is no longer equitable.

The alleged "multiple violations of the consent judgment by the Defendant" are, according to plaintiffs, embodied in VCOM's October 21, 2021, guidelines, entitled "Guidance for VCOM Students (taking effect 10/21/2021)" (see [Doc. No. 43-1, Exh. "A"]) (the "new guidelines"). The consent judgment [Doc. No. 35] granted plaintiffs' requests for exemptions and classified plaintiffs as "dissents", per La. R.S. 17:170E. It further reads that plaintiffs shall remain subject to reasonable safety measures as promulgated by the CDC for unvaccinated persons to the extent the guidelines do not conflict with LA law. Plaintiffs have provided no viable argument that VCOM's treatment of plaintiffs violates Louisiana law, and nowhere in the consent judgment [Doc. No. 35] are vaccinated students discussed. Of note, as of the date of this filing, VCOM is requiring all students (unvaccinated and vaccinated) to wear masks, as VCOM has moved to the mandates set forth under the "Yellow" category/level found in the new guidelines. (See [Doc. No. 43-1, Exh. "A"]).

Further, plaintiffs continue to assert the new guidelines' policies regarding travel is discriminatory and violates "freedom of movement." Yet, plaintiffs fail to allege how such guidelines have caused <u>actual</u> discriminatory harm. Rather, plaintiffs address solely speculative discrimination/harm, because plaintiffs have not suffered real, identifiable harm or damages as a result of VCOM's new guidelines at issue herein. Plaintiffs address the implications of the policy; yet, such implications are nothing more than plaintiffs' own subjective interpretation of the policy. Clearly, plaintiffs' motion [Doc. Nos. 43 and 47] amounts to nothing more than plaintiffs' <u>personal</u> disagreement with VCOM's new guidelines. Thus, plaintiffs, once more, are requesting the court

issue a prohibited advisory opinion on speculative harm that could apparently result from VCOM's travel policy, despite the law specifically forbidding just such a ruling.

Based on the foregoing, under the facts and circumstances presented, plaintiffs' requested relief for the court to reopen the case and set aside the consent judgment is nonjusticiable. Plaintiffs have provided no law or evidence supporting the proposition that the present action is so extraordinary as to warrant overriding the principles of finality and judicial restraint. Plaintiffs cite one (1) lone case in support of the relief requested, a case in which the court therein did not actually grant such relief; whereas, VCOM has cited the long-standing, well-settled jurisprudential law regarding relief requested under Rule 60(b). Adherence to settled doctrine is presumptively the correct course; a departure would only be warranted under extraordinary circumstances which have not been shown to exist herein. Thus, the court must follow the well-settled, respected doctrine that plainly commands the court deny plaintiffs' motion to reopen the case and set aside the consent judgment, as no sound reason justifies the further prolongation of this litigation.

Respectfully submitted,

NEAL LAW FIRM
2485 Tower Drive, Suite 7 (71201)
PO Box 14657
Monroe, Louisiana 71207
Telephone: (318) 807-0929
Facsimile: (318) 807-0926
Email: mneal@neallawfirm.net
Email: jhaedicke@neallawfirm.net

  _/s/ Mark J. Neal_____
Mark J. Neal, La. Bar No. 24580

  _/s/ J. Jordan Haedicke_____
J. Jordan Haedicke, La. Bar No. 35612

## **CERTIFICATE**

I hereby certify that a copy of the above and foregoing has been duly served upon counsel of record on this 13th day of December 2021 via the Court's EM/ECF filing system.

_____/s/ *Mark J. Neal*_____
Mark J. Neal, APLC