UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **RACHEL LYNN MAGLIULO, ET AL** | **CIVIL ACTION NO. 3:21-CV-2304** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **EDWARD VIA COLLEGE OF OSTEOPATHIC MEDICINE** | **JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM ORDER**

Before the Court is a Motion to Reopen Case and Set Aside the Consent Judgment [Doc. No. 42] and an Amended Motion to Reopen Case and Set Aside Consent Judgment [Doc. No. 43] filed by Plaintiffs Rachel Lynn Magliulo ("Magliulo"), Matthew Shea Willis ("Willis"), and Kirsten Willis Hall ("Hall"), (collectively "Plaintiffs"). An Opposition [Doc. No. 46] was filed by Defendant Edward Via College of Osteopathic Medicine ("VCOM") on December 7, 2021. A Reply [Doc. No. 47] was filed by Plaintiffs on December 10, 2021, and a Sur-Reply [Doc. No. 48] was filed by VCOM on December 13, 2021.

For the reasons set forth herein, Plaintiffs' motions are DENIED.

I.   **BACKGROUND**

On August 3, 2021, Plaintiffs filed a Complaint [Doc. No. 1] and First Amended Complaint [Doc. No. 8] with a Motion for Temporary Restraining Order ("TRO") against VCOM under Louisiana state law as a result of VCOM's COVID-19 vaccine requirements for students.[1] After briefing, this Court granted Plaintiffs' TRO [Doc. No. 19] on August 17, 2021. A hearing on the pending Motion for Preliminary Injunction [Doc. No. 22] was set for November 2, 2021.

---

[1] Plaintiffs are all students at VCOM.

Prior to the November 2 hearing, all parties entered into a Consent Judgment [Doc. No. 34], and a Consent Judgment was signed by this Court on October 19, 2021 [Doc. No. 35]. Pursuant to the Consent Judgment, all claims were resolved in accordance with the terms of the Consent Judgment, and the case was closed.

However, on November 23, 2021, Plaintiffs filed a Motion to Amend Complaint [Doc. No. 40], which was denied [Doc. No. 41], because the case had been closed on October 19, 2021. Thereafter, Plaintiffs filed the pending Motion to Reopen Case and Set Aside Consent Judgment [Doc. No. 42] and an Amended Motion to Reopen Case and Set Aside Consent Judgment [Doc. No. 43]. In said motions, Plaintiffs allege that after the Consent Judgment was signed, VCOM entered into new policies which violated the Consent Judgment. Specifically, Plaintiffs allege that VCOM's new policies: (1) require unvaccinated students to wear masks at all times, (2) require unvaccinated students to undergo COVID-19 testing every week, and, (3) place additional restrictions on travel of only unvaccinated students. Plaintiffs ask for the Consent Judgment to be set aside as a result of the violations[2] in accordance with Fed. R. Civ. P. 60(b).

VCOM argues that setting aside the Consent Judgment based upon the alleged violations of the Consent Judgment has no legal basis, is an "extraordinary remedy" that should not be granted in this case, and that Plaintiffs have not met their required burden of proof.

## II. LAW AND ANALYSIS

A consent judgment is a final judgment, even though it is a consensual judgment resulting from an agreement between the parties, rather than one rendered on the merits following trial. As a result, a consent judgment is subject to the rules generally applicable to other judgments and decrees, including Fed. R. Civ. P. Rule 60. *U.S. v. City of New Orleans*,

---

[2] Plaintiffs are not asking for VCOM to be held in contempt.

947 F.Supp. 2d 601, 615-16 (E.D. La. May 23, 2013); *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 391 (1992).

Fed. R. Civ. P. Article 60(b) sets forth the following grounds for relief from a final judgment:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud, misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based upon an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Plaintiffs seek to set aside the Consent Judgment based upon Fed. R. Civ. P. 60(b)(6) (any other reason that justifies relief) based upon VCOM's alleged violation of the terms of the Consent Judgment.

Relief under Rule 60(b)(6) is appropriate only in "extraordinary circumstances." It is a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances. *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 605 (5th Cir. 1986). Rule 60(b)(6), which permits a court to grant a motion to vacate for any other reason that justifies relief, is a catchall that has been referred to as a court's grand reservoir of equitable power to do justice. Nevertheless, this provision can only be invoked for a reason other than in the preceding enumerated grounds in Rule 60(b) and only in extraordinary circumstances. *U.S. v. City of New Orleans*, 947 F. Supp. 2d 601, 620 (E.D. La. May 23, 2013).

A claim for relief from a judgment on the basis of Rule 60(b)(6) is cognizable where there is evidence of extraordinary circumstances or where there is evidence of extreme hardship or injustice. *U.S. v. McDonald*, 86 F.R.D. 204, 208 (N.D. Illinois April 7, 1980).

In *Info-Hold, Inc. v. Sound Merchandising, Inc.* 558 F.3d. 448, 449 (6th Cir. 2008), the court specifically found that the breach of a settlement agreement does not, by itself, justify relief from a final judgment, order or proceeding under Rule 60(b)(6) based on the public policy favoring finality of judgments and termination of litigation.

In support of its argument, Plaintiffs cite *Calco Crew and Workboats, LLC v. Sunray Marketing, LLC*, 2021 WL 3509648 (E.D. La. August 10, 2021). In *Calco Crew*, there was a settlement agreement in which Sunray agreed to pay Calco money in two installments. Sunray never paid anything, and Calco asked the court to reopen the case in accordance with Rule 60(b)(6) so Calco could pursue its original claims against Sunray. In denying Calco's request to reopen, the court noted these were not the "extraordinary circumstances" required by Rule 60(b)(6).

Likewise, it does not appear to this Court that extraordinary circumstances have been shown in this case. Plaintiffs allege that VCOM did not follow the terms of the Consent Judgment. Additionally, Plaintiffs have another remedy. Plaintiffs' remedy lies in a Motion for Contempt and to Enforce Consent Judgment,[3] not to set aside the Consent Judgment.

### III. CONCLUSION

For the reasons set forth herein,

---

[3] This Court makes no finding whether VCOM has violated the Consent Judgment.

4

**IT IS ORDERED** that Plaintiffs' Motion to Reopen Case and Set Aside Consent Judgment [Doc. No. 42] and Plaintiffs' Amended Motion to Reopen Case and Set Aside Consent Judgment [Doc. No. 43] are **DENIED**.

**MONROE, LOUISIANA** this 16th day of December 2021.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE