UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

RACHEL LYNN MAGLIULO,                          CIVIL ACTION NO. 3:21-cv-02304
MATTHEW SHEA WILLIS, and
KIRSTEN WILLIS HALL

VERSUS                                                          JUDGE DOUGHTY

EDWARD VIA COLLEGE OF                   MAGISTRATE JUDGE MCCLUSKY
OSTEOPATHIC MEDICINE

## <u>MEMORANDUM IN SUPPORT OF PLAINTIFFS MOTION FOR CONTEMPT AND TO ENFORCE CONSENT JUDGMENT</u>

NOW INTO COURT, through undersigned counsel, comes Plaintiffs, Rachel Lynn Magliulo, Matthew Shea Willis, and Kirsten Willis Hall, who respectfully file this Motion for Contempt and to Enforce Consent Judgment, in accordance with this Honorable Courts Memorandum Order.[1]

## I.    <u>Overview</u>

On or about August 3, 2021, plaintiffs, Rachel Lynn Magliulo, Matthew Shea Willis, and Kirsten Willis Hall, filed a Motion for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction to address VCOM's mandate of the COVID-19 vaccination.[2]  On August 5, 2021, Plaintiffs filed their First Amended Complaint for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction after defendant, VCOM, threatened Plaintiffs' right and ability to continue their medical education if they refused to receive a COVID-19 vaccination against their will.[3]

---

[1] *See* Document 51, Memorandum Order.
[2] *See* Document 1, Motion for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction.
[3] *See* Document 8, First Amended Complaint for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction.

1

On August 8, 2021, this Honorable Court granted plaintiff's Motion for Temporary Restraining Order, finding that: (1) the Plaintiffs had a substantial likelihood of success on the merits on the basis of La. R.S. 17:170, LA Const. Art. I, Sect. 8, and the PRFA; (2) Plaintiffs have shown irreparable harm because of their inability to complete curriculum requirements, disclosure of their "unvaccinated" status, and excessive restrictions; and (3) the Plaintiffs' potential harm of a constitutional violation, ability to complete their education, ethics charges and possible expulsion outweighs VCOM's interest.[4]

On August 23, 2021, after further actions by the defendant, plaintiffs filed their Motion for Contempt for Violation of Temporary Restraining Order.[5]

On October 19, 2021, a Consent Judgment was executed between the parties, whereby it was agreed that plaintiffs' would dismiss all claims against defendant and that: (1) Plaintiffs' requests for exemptions form the COVID-19 vaccine requirement for students attending VCOM were recognized as written dissents in accordance with LSA-R.S. 17:170E; (2) Plaintiffs shall remain subject to reasonable safety measures as promulgated by the Centers for Disease Control (CDC) for unvaccinated persons and the Institutions of Higher Education **to the extent that these reasonable safety measures and/or guidelines do not conflict with Louisiana State law**; and (3) Defendant, VCOM, will take **no discriminatory and/or retaliatory action against Plaintiffs** as a result of the exercise of their rights under LSA-R.S. 17:170E, including but not limited to, preventing Plaintiffs from completing their academic requirements at VCOM  and/or

---

[4] *See* Document 19, Memorandum Order.
[5] *See* Document 21, Plaintiffs' Motion for Contempt for Violation of Temporary Restraining Order.

referencing Plaintiffs' vaccination statuses or their exercise of their rights under LSA-R.S. 17:170E in any communication with a residency program.[6]

However, after this Consent Judgment was entered into by the parties, defendant instituted new policies taking effect on October 21, 2021.[7]  These policies violate the consent judgment entered into by the parties, because they do not adhere to current guidance from the CDC, CDC guidance for Institutions of Higher Education (IHE), violate the Louisiana Constitution and Louisiana law, specifically the limits placed in La. R.S. 17:170, and conflict with law governing the Emergency Use Authorization (EUA). Further, these policies are discriminatory against a class of people based upon a medical condition, as they place rules and penalties targeting only unvaccinated students, while vaccinated students do not have to abide by them.

## II.    Legal Standard

A consent order, while founded on the agreement of the parties, is nevertheless a judicial act, enforceable by sanctions including a citation for contempt.[8]  A party may be held in contempt if he violates a definite and specific court order requiring him to perform or refrain from performing a particular act or acts with knowledge of that order.[9]  The civil contempt sanction is coercive rather than punitive and is intended to force a recalcitrant party to comply with a command of the court.[10]  Intent is not an issue in civil contempt

---

[6] *See* Document 35, Consent Judgment. (Emphasis added).
[7] *See* Document 43-2: Guidance for VCOM Students (taking effect 10/21/2021)
[8] *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987).
[9] *Id.* at 913.
[10] *Whitfield*, citing *American Trucking Ass'n, Inc. v. Interstate Commerce Comm'n, 728 F.2d 254, 255 (Former 5th Cir.), cert. denied, 469 U.S. 930, 105 S.Ct. 324, 83 L.Ed.2d 261 (1984); see also Thyssen, Inc. v. S/S Chuen On, 693 F.2d 1171, 1173–74 (5th Cir.1982).*

proceedings; rather, the question is whether the alleged contemnors have complied with the court's order.[11]   A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order.[12]  Once the movant has shown a prima facie case, the burden falls on the violating party to "show either mitigating circumstances that might cause the district court to withhold the exercise of its contempt power, or substantial compliance with the consent order."[13]

"Courts have ... the inherent authority to enforce their judicial orders and decrees in cases of civil contempt.  Discretion, including the discretion to award attorneys' fees, must be left to the court in the enforcement of its decrees."[14]  Penalties for civil contempt may be coercive, where the purpose is to make the recalcitrant party comply with the order, or they may be compensatory, where the purpose is to reimburse the injured party for the losses and expenses incurred as a result of the noncompliance.[15]

## III.   VCOM's Violations of the Consent Judgment

### A.  Consent Judgment is in Effect

---

[11] *Whitfield*, citing *Jim Walter Resources v. Int'l Union, United Mine Workers of America*, 609 F.2d 165, 168 (5th Cir.1980).
[12] *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir.1992)).
[13] *Whitfield*, 832 F.2d at 914.
[14] *Cook v. Ochsner Foundation Hosp.*, 559 F.2d 270, 272 (5th Cir.1977).
[15] *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 827 (5th Cir.1976).

As previously stated, in a civil contempt proceeding, the movant must first prove "that a court order was in effect".[16] Here, this element has been met, as the parties entered into a Consent Judgment on October 19, 2021.[17]

### B.  The Consent Judgment Requires Certain Conduct by VCOM

The second element in a civil contempt proceeding that must be proven by the movant is that the "order required certain conduct by the respondent".[18] In this case, the Consent Judgment executed between the parties provided that: (1) Plaintiffs' requests for exemptions from the COVID-19 vaccine requirement for students attending VCOM were recognized as written dissents in accordance with LSA-R.S. 17:170E; (2) Plaintiffs shall remain subject to reasonable safety measures as promulgated by the Centers for Disease Control (CDC) for unvaccinated persons and the Institutions of Higher Education to the extent that these reasonable safety measures and/or guidelines **do not conflict with Louisiana State law**; and (3) Defendant, VCOM, will take no discriminatory and/or retaliatory action against Plaintiffs as a result of the exercise of their rights under LSA-R.S. 17:170E, including but not limited to, preventing Plaintiffs from completing their academic requirements at VCOM  and/or referencing Plaintiffs' vaccination statuses or their exercise of their rights under LSA-R.S. 17:170E in any communication with a residency program.[19]

---

[16] *Martin* at 47.
[17] *See* Document 35.
[18] *Martin* at 47.
[19] *See* Document 35 (Emphasis Added).

Accordingly, the second element for civil contempt is met, as the Consent Judgment required certain conduct to be adhered to by VCOM.

### C. *Failure to Comply with the Consent Judgment*

The third and final element in a civil contempt proceeding that must be proven by the movant is that the "respondent failed to comply with the court's order."[20]

Here, after the Consent Judgment was entered into by the parties, VCOM instituted new discriminatory policies taking effect on October 21, 2021.[21]  Defendant implemented school policies, that violate the provisions within the Consent Judgment entered into by the parties.  As will be further detailed below, VCOM has violated the Consent Judgment by: (1) instituting policies that conflict with CDC guidelines; (2) instituting policies that conflict with Louisiana law and the law governing Emergency Use Authorization (EUA); (3) instituting policies that discriminate against unvaccinated students; and (4) threatening retaliatory action against the plaintiffs in violation of the Consent Judgment.

#### i.    *VCOMs Policies Conflict with CDC Guidelines*

Defendant claims that the policies included in their Guidance for VCOM Students are in line with the safety measures as promulgated by the CDC for Institutions of Higher Education (IHE), and that "VCOM will continue to follow the CDC guidelines for institutes of higher education, based upon evidence-based medical data."[22]  However, this is incorrect as, according to the CDC, it is advised that those who are fully vaccinated

---

[20] *Martin* at 47.
[21] *See* Document 43-2.
[22] *Id.*

should wear a mask indoors in public.[23]  The CDC further advises that even in IHEs where all students, faculty and staff are fully vaccinated, that universal use of masks be implemented indoors in public areas of <u>substantial or high transmission</u>.[24]  Furthermore, according to the CDC, Ouachita Parish is listed as an area of <u>high</u> community transmission, and advises that, "Everyone in **Ouachita Parish, Louisiana** should wear a mask in public, indoor settings. Mask requirements might vary from place to place. Make sure you follow local laws, rules, regulations or guidance."[25]  Clearly VCOM's masking policy is not in line with the CDC or IHE guidance and is, instead, applied solely to unvaccinated students, in violation of the Consent Judgment.[26]

Additionally, VCOMs policies regarding the length of quarantine of unvaccinated students who test positive for COVID-19 are not in accordance with the CDC guidelines. The CDC guidelines provide that if you test positive for COVID-19, everyone, regardless of vaccination status, should quarantine for **<u>5 days</u>**.[27]  However, VCOMs quarantine policy provides that unvaccinated students undergo: "A <u>minimum 6-day self-quarantine</u> following any direct exposure…".[28]

---

[23] See "*When You've Been Fully Vaccinated*", CDC, Updated December 21, 2021 <https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html>.

[24] See "*Guidance for Institutions of Higher Education (IHEs)*", CDC, Updated December 27, 2021 < https://www.cdc.gov/coronavirus/2019-ncov/community/colleges-universities/considerations.html#:~:text=Given%20new%20evidence%20on%20the,schools%2C%20regardless%20of%20vaccination%20status.>.

[25] See "*COVID-19 Integrated County View*", 'Ouachita Parish, Louisiana', CDC, Updated December 28, 2021. <https://covid.cdc.gov/covid-data-tracker/#county-view|Louisiana|22073|Risk|community_transmission_level>.

[26] Since the prior filings, VCOM has changed its current color zone for masking policy in accordance with its 'Color Zones for Campus Safety', now requiring all students to wear masks.  However, changing the color zone does not impact the fact that the policy in and of itself is discriminatory, because it requires unvaccinated students to wear masks at all times, regardless of the school's current color zone, while vaccinated students are required to wear masks only when specific color zones are in effect.

[27] See "*CDC Updates and Shortens Recommended Isolation and Quarantine Period for General Population*", Updated December 27, 2021 <https://www.cdc.gov/media/releases/2021/s1227-isolation-quarantine-guidance.html>.

[28] See Document 43-2.

>    ii.    **VCOMs Policies Clearly Discriminate Against Unvaccinated Students**

As previously noted above, VCOM's mask policy is clearly **<u>not</u>** in line with the guidance and advice provided by the CDC for Institutions of Higher Education.[29]   For example, according to VCOM's policy, unvaccinated students are required to wear face masks at all times while on campus, while vaccinated students are not.  Additionally, if an unvaccinated student is found not wearing a mask, that student is subject to multiple penalties/punishments, including, but not limited to, suspension, no longer being eligible to participate in the curriculum or any type of clinical or research activity or to be present on campus, a hearing before either the Professional and Ethical Standards Board or the Honor Code Council, which could potentially result in **expulsion**, as well as a permanent mark on the student's transcript for 'ethical violations', thereby potentially damaging future employment prospects.

This discrimination was clearly demonstrated by VCOMs treatment of plaintiff, Matthew Willis, who on November 12, 2021, received a letter from Interim Dean, Mark Sanders, informing him that complaints had been lodged against him by fellow students for his failure to wear a face mask as an unvaccinated student, and that these complaints would be heard by the Honor Code Council.[30]   Mr. Willis was further informed that his failure to wear a face mask as an unvaccinated student was considered to be "unethical

---

[29] See "*Guidance for Institutions of Higher Education (IHEs)*", CDC, Updated November 4, 2021 < https://www.cdc.gov/coronavirus/2019-ncov/community/colleges-universities/considerations.html#:~:text=Given%20new%20evidence%20on%20the,schools%2C%20regardless%20of%20vaccination%20status.>.

[30] *See* Document 47-1.

and/or unprofessional conduct and presents a danger to the health and welfare of VCOM employees and your fellow students", and that he would therefore be suspended immediately until a "Professional and Ethical Standards Board and/or Honor Code Council is held", and that while suspended, he would "no longer be eligible to participate in the curriculum or any type of clinical or research activity or be present on campus".[31]

In response, on November 15, 2021, counsel for Plaintiffs sent a letter to defendant, notifying defendant of this Honorable Court's prior ruling, regarding the implementation of discriminatory and punitive testing protocols and safety measures and further reminding defendant of the Consent Judgment between the parties where it was agreed that VCOM would "take no discriminatory and/or retaliatory action against Plaintiffs as a result of the exercise of their rights under LSA-R.S. 17:170E, including, but not limited to preventing Plaintiffs from completing their academic requirements at VCOM and/or referencing Plaintiffs' vaccination statuses or their exercise of their rights under LSA-R.S. 17:170E in any communication with a residency program."[32]   Plaintiffs further requested that VCOM rescind their discriminatory policies requiring **only unvaccinated** students to wear masks at all time and requiring **only unvaccinated** students to be subjected to weekly COVID-19 testing.[33]   Plaintiffs further requested that Matthew Shea Willis be immediately reinstated, as it was facially apparent that Mr. Willis being suspended from school and facing potential

---

[31] *Id.*

[32] *See* Document 43-3.

[33] *Id.*

expulsion for the failure to wear a face mask was precisely the type of punitive policy this Court previously held "will not withstand scrutiny".[34]

On November 17, 2021, counsel for plaintiffs received a letter from counsel for defendant, claiming that defendant is in 'absolute compliance' with both the consent judgment and CDC guidelines.[35]  Defendant further threatened that if a claim is brought by the plaintiffs before the Court and is ultimately dismissed, that plaintiffs would "**face disciplinary actions as there is no retaliatory protection against the filing of a clearly frivolous claim**".[36]  Defendant further stated that plaintiff, Matthew Willis, would continue to undergo both Professional and Ethical Standards Board and the Honor Code Council for his failure to "**abide by VCOM's mask policy for unvaccinated students**".[37]  Defendant also provided that Mr. Willis' attorney would not be allowed to attend any such hearing, and that his attorney would further "**not be permitted access to the buildings**".[38] [39]

Clearly VCOM's treatment of Mr. Willis was discriminatory, and based solely on his vaccination status.

Furthermore, VCOMs policies require only unvaccinated students to undergo weekly COVID-19 testing, while vaccinated students are subject to neither policy.  The unvaccinated are further required to document, at a minimum, two (2) times per week their symptoms, or lack thereof, into MyHealthTracer.  The unvaccinated are restricted from

---

[34] *Id.*
[35] *See* Document 43-4.
[36] *Id.*
[37] *Id.*
[38] *Id.*
[39] Mr. Willis has now been reinstated; however, he missed a week of education and work during the time he was suspended.

seeing patients who have or are suspected to have COVID-19; thus, impacting their education.

Additionally, VCOM's policies place restrictions on the freedom of movement, domestically, of only unvaccinated students.  For example, while vaccinated students are allowed to travel to 'high-risk areas for COVID-19' within the United States without facing any quarantine period or delay in the students' program, VCOM's policy dictates that "If not vaccinated and the student travels to high-risk areas for COVID-19, the student will only be allowed to return after a self-quarantine period, which may cause a delay in the student's program".[40]

VCOM's policies also place restrictions on the freedom of movement, internationally, for unvaccinated students only, stating that if a student who is "**not vaccinated,** travels internationally (against policy), the period of required quarantine will be a minimum of 10 days upon return and a negative COVID-19 test will be required prior to return to campus.  For students this is an unexcused absence and the opportunity to remediate work will not be provided.  The student will also be referred to Honor Code Council".[41]  This policy only affects unvaccinated students, as VCOM's policy does not bar vaccinated students from international travel, and vaccinated students are not given an unexcused absence and are still allowed the opportunity to remediate work.[42]

    iii.    *VCOMs Policies Conflict with Louisiana Law and the Law Governing Emergency Use Authorization*

---

[40] See Document 43-2.
[41] *Id*.
[42] *Id*.

On April 18, 2020, the FDA issued an Emergency Use Authorization (EUA) authorizing the use of face masks for use by members of the general public to prevent the spread of the virus.[43]   Additionally, the COVID-19 testing by Abbott also falls under the FDA Emergency Authorization (EUA) for the detection of proteins from SARS-CoV-2.[44]   21 USC 360 bbb-3 governs the use of medical products in emergencies.   This statute requires that those on whom the product is administered be informed that the product has been authorized for emergency use and of the significant known and potential benefits and risks of such use, and of the extent to which such benefits and risks are unknown.[45]   This statute further requires that those upon whom the product is administered be informed of **the option to accept or refuse administration of the product**, of the consequences, if any, of refusing administration of the product, and of the alternatives to the product that are available and of their benefits and risks.[46]   Products used under the EUA are experimental and, thus, require the right to refuse.   Louisiana citizens have a fundamental right to decide whether to obtain or reject medical treatment.   Said right is grounded in the state constitution, codified in statute, and long-recognized by the courts in the context of informed consent[47] and the tort of invasion of privacy.[48]

---

[43]   https://www.fda.gov/media/137121/download?fbclid=IwAR2hRTHSn3diU4rHlyNTbaIy8plM1pCR6zc2bB8PI--5C3mjgqiQmzdEFko
[44] Exhibit "A": BinaxNOW COVID-19 Ag Card product Expiry Update, dated May 2021.
[45] 21 USC 360 bbb-3(e)(1)(A)(ii)(I) and (II)
[46] 21 USC 360 bbb-3(e)(1)(A)(ii)(III)
[47] See La. Const. art. I, § 5; La. R.S. 40:1159.7; *Hondroulis v. Schuhmacher*, 553 So. 2d 398, 414 (La. 1989) (holding that Article 1, § 5 establishes an "affirmative" right to decide whether to obtain or reject medical treatment) and its progeny; See also, *Snider v. Louisiana Med. Mut. Ins. Co.*, 2013-0579, p. 8 (La. 12/10/13); 130 So.3d 922, 930 ("The informed consent doctrine is based on the principle that every human being of adult years and sound mind has a right to determine what shall be done to his or her own body."; See also *Lemann v. Essen Lane Daiquiris, Inc.*, 05-1095 (La. 3/10/06); 923 So.2d 627, 635-36 ("Louisiana recognizes the right of an adult to refuse to consent to medical or surgical treatment of his own person.").

VCOMs policies, further violate Article I, Section 3[49] and 12[50] of the Louisiana Constitution prohibiting discrimination based on "physical condition", as they institute rules which apply solely to those students who have not been vaccinated, requiring unvaccinated students to wear masks at all times, (while vaccinated students are not required to), restricts unvaccinated students from seeing certain patients, thereby impacting their education and further limit unvaccinated students freedom of movement both domestically and internationally.

Additionally, any non-compliance by unvaccinated students with these policies could potentially result in punishment from VCOM including suspension, no longer being eligible to participate in the curriculum or any type of clinical or research activity or to be present on campus, a hearing before either the Professional and Ethical Standards Board or the Honor Code Council, which could potentially result in **expulsion**, as well as a permanent mark on the student's transcript for 'ethical violations', thereby potentially damaging future employment prospects.[51]   On the other hand, vaccinated students are not

---

[48] *See Roshto v. Hebert*, 439 So. 2d 428, 430 (La. 1983) ("The right of privacy involves the basic right of a person to be let alone in his private affairs."); *Tate v. Woman's Hosp. Found.*, 2010-0425 (La. 1/19/11); 56 So. 3d 194 ("The tort of invasion of privacy is directed at redressing the damage which an individual suffers when legally recognized elements of his right to privacy have been violated").

[49] Right to Individual Dignity, Section 3. No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime.

[50] Freedom from Discrimination, Section 12. In access to public areas, accommodations, and facilities, every person shall be free from discrimination based on race, religion, or national ancestry and from arbitrary, capricious, or unreasonable discrimination based on age, sex, or physical condition.

[51] An example of such punishment was previously detailed above in the treatment of plaintiff, Matthew Willis, for his alleged failure to wear a mask on campus as an unvaccinated student.

required to adhere to these policies, or fear any potential reprimand or punishment from VCOM for any violation of these policies.

Furthermore, the policies implemented by VCOM on October 21, 2021, violate Louisiana Law, specifically La. R.S. 17:170.  As previously noted by this Court, as well as Attorney General Jeff Landry in his November 10, 2021 memorandum, the **only** caveat found in La. R.S. 17:170 for students who choose not to be immunized is that, in the event of a vaccine-preventable disease at the school, the administrators of that institution or facility are empowered, upon recommendation by the Office of Public Health, to exclude from attendance unimmunized students from campus "until the appropriate disease incubation period has expired or the unimmunized person presents evidence of immunization".[52] [53]  While La. R.S. 17:170 does not prohibit schools from imposing other safety measures that they believe to be necessary to preserve the health of students, faculty, and staff, no statute or regulation specifically authorizes masking and testing protocols, any such additional safety measures should be applied in a nondiscriminatory and non-punitive fashion.[54]  As noted by Attorney General Jeff Landry, and previously held by this Court, "**policies that are so punitive that they defeat the right itself will not withstand scrutiny**".[55]

Here, it is clear that VCOMs policies violate La. R.S. 17:170, as they discriminate solely against unvaccinated students, and are applied in a punitive fashion against

---

[52] *See* Document 19.
[53] *See* Document 40-5: Attorney General Jeff Landry, Memorandum dated November 10, 2021.
[54] *Id*.
[55] *Id*.

unvaccinated students, threatening suspension, ethical hearings and honor code council hearings, potential expulsion, marks being placed on student's permanent records and continuously threaten that any student not immunized against COVID-19 may be restricted in their ability to complete their course requirement.[56]

Furthermore, as previously stated, the Consent Judgment entered into between the parties stated that the exemption form submitted by these students will be considered written dissents under La. R.S. 17:170.[57]  This statute provides only one action to be taken by a school to a student in the event of an outbreak of a vaccine preventable disease: the student can be sent home until the outbreak has expired.  This is the only action that can be applied discriminatorily against the non-vaccinated student.  There is nothing in this statute, or any Louisiana law, which allows a school to force experimental masking or testing on the unvaccinated.

However, the measure set forth in this statute is not even available to VCOM in this situation.  The statute only allows a student to be excluded from attendance in the event of an outbreak of a vaccine preventable disease.  Such is not the case with COVID-19.  As noted by this Honorable Court in *State of Louisiana et al vs. Xavier Becerra et al* (W.D. La. 2021), "…the CDC recently recommended boosters.  If boosters are needed six months after being "fully vaccinated," then how good are the COVID-19 vaccines, and why is it necessary to mandate them?"[58]

---

[56] *See* Document 43-2.
[57] *See* Document 35.
[58] Exhibit "B": Memorandum Ruling from *State of Louisiana et al vs. Xavier Becerra et al*, (W.D. La. November 30, 2021).

Therefore, VCOMs policies do not follow the laws governing the Emergency Use Authorization, the Louisiana Constitution and Louisiana Law, specifically La. R.S. 17:170, thereby violating the provisions of the Consent Judgment entered into by the parties.

### iv.      Threats of Retaliatory Action Against Plaintiffs

Furthermore, VCOM's letter to plaintiff's counsel, dated November 17, 2021, threatened that if a claim is brought by the plaintiffs before the Court and is ultimately dismissed, that plaintiffs would "**face disciplinary actions as there is no retaliatory protection against the filing of a clearly frivolous claim**".[59]  This threat of retaliatory action against the plaintiffs is in direct violation of the provision included in the Consent Judgment entered into by the parties, which states that "…VCOM, will take no discriminatory and/or retaliatory action against Plaintiffs as a result of the exercise of their rights under LSA-R.S. 17:170E, including but not limited to, preventing Plaintiffs from completing their academic requirements at VCOM..."[60]

As detailed above, VCOMs policies are not in line with the safety measures promulgated by the CDC, the CDC guidance for Institutions of Higher Education (IHE), and therefore violate the Consent Judgment entered into by the parties.  Furthermore, VCOMs policies are in direct violation of the Louisiana Constitution, Louisiana law and La. R.S. 17:170, thereby violating the Consent Judgment, as these policies are applied in a discriminatory and in a punitive fashion to only unvaccinated students.

---

[59] *See* Document 43-4.
[60] *See* Document 35.

16

Accordingly, for the reasons provided above, detailing the multiple violations of the consent judgment by the Defendant, Plaintiffs respectfully request this Honorable Court to grant Plaintiffs Motion for Contempt and to Enforce the Consent Judgment to ensure the actions taken by the Defendant do not violate Louisiana law and the students' Constitutional Rights to refuse medical and experimental testing.

Respectfully submitted,

**BOLEN, PARKER, BRENNER, LEE & MILLER, LTD.**

BY: ___*/s/ Christina S. Slay*_____
          CHRISTINA S. SLAY (#30729) T.A.
          KENNETH R. WHITTLE (#38640)
          709 Versailles Boulevard
          P. O. Box 11590
          Alexandria, LA 71315-1590
          Phone: (318) 445-8236
          Fax: (318) 443-1770
ATTORNEYS FOR PLAINTIFFS, RACHEL LYNN MAGLIULO, MATTHEW SHEA WILLIS, and KIRSTEN WILLIS HALL