UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **RACHEL LYNN MAGLIULO, ET AL** | **CIVIL ACTION NO. 3:21-CV-2304** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **EDWARD VIA COLLEGE OF OSTEOPATHIC MEDICINE** | **JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM ORDER**

Before the Court is Plaintiffs' Motion for Contempt and Motion to Enforce Consent Judgment [Doc. No. 52] filed by Kirsten Willis Hall ("Hall"), Rachel Lynn Magliulo ("Magliulo"), and Matthew Shea Willis ("Willis"), (collectively "Plaintiffs"). An Opposition [Doc. No. 55] was filed by Defendant Edward Via College of Osteopathic Medicine ("VCOM") on January 24, 2022.

A hearing was previously set in this proceeding for March 3, 2022 [Doc. No. 54]. After reviewing the briefs filed by the parties, this Court finds there is no need for a hearing, and per the reasons set forth herein, DENIES the Plaintiffs' Motion for Contempt and Motion to Enforce Consent Judgment.

**I.   BACKGROUND**

This matter began with a Complaint [Doc. No. 1] filed by Plaintiffs on August 3, 2021. The suit resulted in a Consent Judgment [Doc. No. 35] which was entered into by the parties resolving this matter on October 19, 2021. The pertinent portion of the Consent Judgment states:

> IT IS STIPULATED AND ORDERED that Plaintiffs' Rachel Lynn Magliulo, Matthew Shea Willis and Kristen Willis Hall, requests for exemptions from the COVID-19 vaccine requirements for students attending VCOM are recognized as written dissents in accordance with LSA R.S. 17:170E and the same are hereby granted. Plaintiffs shall remain subject to reasonable safety measures as promulgated by the Centers for Disease Control (CDC) for unvaccinated persons and the

> Institutions of Higher Education to the extent that these reasonable safety measures and/or guidelines do not conflict with Louisiana State law.
>
> IT IS FURTHER STIPULATED AND ORDERED that Defendant, VCOM, will take no discriminatory and/or retaliatory action against Plaintiffs as a result of the exercise of their rights under LSA -R.S. 17:170E, including but not limited to, preventing Plaintiffs from completing their academic requirements at VCOM and/or referencing Plaintiffs' vaccination status or their exercise of their rights under LSA-R.S. 17:170E in any communication with a residency program. It is understood that clinical sites and residency sites may have their own COVID-19 requirements over which VCOM has no control.

In Plaintiffs' Motion, Plaintiffs allege VCOM violated the Consent Decree by instituting new policies[1] on October 21, 2021. Plaintiffs allege the new policies are a violation of the Consent Judgment, the CDC Guidance for Institutions of Higher Education, the Louisiana Constitution, R.S. 17:170, and law governing Emergency Use Authorization of COVID-19 vaccines.

The specific claims made by Plaintiffs are:

1. Mask requirements. Plaintiffs allege VCOM's policy requiring unvaccinated students to wear masks in certain areas while vaccinated students are not so required discriminates against unvaccinated students.

2. Quarantine requirements. Plaintiffs allege VCOM requires unvaccinated students to quarantine for a minimum six (6) days, while CDC guidelines only require a minimum of five (5) days, which discriminates against unvaccinated students.

3. Weekly COVID-19 testing. Plaintiffs allege VCOM's policy requires the unvaccinated to submit to weekly COVID-19 testing and to submit symptoms, or lack thereof,

---

[1] Guidance for VCOM Students, Faculty, and Staff for the Virginia, Canada, Louisiana, and Auburn Campuses [Doc. No. 40-3]

2

into MyHealthTracer.com, while vaccinated students are not required to do so, resulting in discrimination against unvaccinated students.

   4.  Restrictions or freedom of movement by unvaccinated students. Plaintiffs allege unvaccinated students who travel internationally are required to quarantine ten (10) days upon return and to have a negative COVID-19 test prior to returning to campus, in discrimination against unvaccinated students.

## II. LAW AND ANALYSIS

In a civil contempt proceeding, movants have the burden of establishing by clear and convincing evidence that: (1) a court order was in effect; (2) the order required certain conduct by defendant; (3) and that defendant failed to comply with the court's order. *Travelhost, Inc. v. Blandford*, 68 F.3d 958 (5th Cir. 1995); *Martin v. Trinity Indus. Inc.*, 959 F.2d 45, 47 (5th Cir. 1992).

Clear and convincing evidence is evidence that "produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, of the truth of the precise facts of the case." *Travelhost, Inc.* at 961.

Courts have inherent authority and discretion to enforce orders and decrees in a civil contempt proceeding. *Cook v. Ochsner Foundation Hosp.* 559 F. 270, 272 (5th Cir. 1977).

### A. What was VCOM required to do under the Consent Judgment?

The Court has no doubt that the Consent Judgment was in effect at this time. Which leads to the question of what VCOM's requirements were in regard to the Consent Judgment. First, the Consent Judgment granted and recognized Plaintiffs' request for exemptions for the COVID-19 vaccine as "written dissents" in accordance with La. R.S. 17:170E.

Second, the Consent Judgment allowed VCOM to institute "reasonable safety measures" as to Plaintiffs, as promulgated by the CDC for unvaccinated persons and the Institution of

Higher Education to the extent that these reasonable safety measures and/or guidelines do not conflict with Louisiana law.

Third, VCOM agreed to take no discriminatory and/or retaliatory action against Plaintiffs as a result of the exercise of their rights under La. R.S. 17:170E, including, but not limited to, preventing Plaintiffs from completing their academic requirements at VCOM and/or referencing Plaintiffs' vaccination statuses or their exercise of rights under R.S. 17:170E in any communication with a residency program.

**B.     What is VCOM Alleged to Have Done in Violation of the Consent Decree?**

VCOM is alleged to have discriminated against Plaintiffs, as unvaccinated students, by VCOM's mask requirements, COVID-19 testing requirements, quarantine requirements, and travel restriction requirements.

(i)     Mask Requirements.

The VCOM October 21, 2021[2] policy breaks down the VCOM campus into "Color Zones" of Green, Yellow, Orange and Red. In Green Zones, the unvaccinated are required to wear masks, while vaccinated are not. In Yellow Zones, the unvaccinated are require to wear masks indoors at all times, while vaccinated students are required to wear masks in halls and classrooms where six (6) feet distancing is not possible. In Orange and Red Zones, masks are required at all times by both vaccinated and by unvaccinated students.

Willis indicates he was suspended as a result of the mask mandate. He does not deny that he violated the mandate. Willis' defense to the suspension is that the mask mandate violated the Consent Judgment.

(ii)     Testing Requirements

---

[2] VCOM alleges the October 21, 2021, policy has been revised effective January 11, 2022. Since the violations were alleged to have been made under the October 21, 2021, policy, that policy will be examined.

Testing requirements are also based upon VCOM's color-coding system. In Green Zones, unvaccinated students are required to test weekly and to document their medical condition in MyHealthTracer.com at least two times per week. Vaccinated students are not required to test in Green Zones unless they have significant exposure to or symptoms of COVID-19. Documentation in MyHealthTracer.com for vaccinated students is required once per week.

In Yellow, Orange and Red Zones, all students regardless of vaccination status, are required to test weekly, or if they have significant exposure to, or symptoms of COVID-19. In Yellow, Orange, and Red Zones, unvaccinated students are required to document health with MyHealthTracer.com three times per week. Unvaccinated students are required to document health with MyHealthTracer.com once per week and when they experience significant, unprotected exposure to a person with COVID-19.

      (iii)    Quarantine Requirements

The VCOM policy requires a minimum six (6) day quarantine and a negative COVID test for unvaccinated students following any direct exposure. Vaccinated students are required to quarantine five (5) days following any direct, significant, unprotected exposure. A negative test is only required if illness follows exposure.

      (iv)    Restrictions on Freedom of Movement

The VCOM policy requires unvaccinated students who travel internationally to quarantine a minimum ten (10) days upon return and provide a negative COVID-19 test before returning to campus. Vaccinated students who travel internationally to low-risk countries can return with limited quarantine. Vaccinated students traveling to high-risk countries are required to seek approval from their supervisor and a minimum five (5) days quarantine. No negative test is required.

Plaintiffs argue that because the Consent Decree allowed their request for exemptions to be recognized as written dissents in accordance with La. R.S. 17:170E, VCOM is not allowed to put any restrictions on Plaintiffs. The confusion is understandable. In a prior Memorandum Ruling [Doc. No. 19 p. 11], this Court stated that R.S. 17:170 does not provide a method for VCOM to judge or restrict the student dissent. This Court also found the restrictions placed upon the students by VCOM were excessive because they kept Plaintiffs from completing their curriculum, which defeated the purpose of the right of dissent under R.S. 17:170.

However, Plaintiffs' motion is based upon the Consent Decree, not just R.S. 17:170. Although the Consent Decree allowed Plaintiffs' requested exemption from the COVID-19 vaccine as a written dissent under R.S. 17:170, the Consent Decree also provided Plaintiffs would be subject to "reasonable safety measures" as promulgated by the CDC for unvaccinated persons and the Institution of Higher Education to the extent that those reasonable safety measures and/or guidelines do not conflict with Louisiana State law.

Not only must the order at issue be in effect, but the order must require certain conduct that the defendants violated. It certainly is not clear to this Court, or likely to VCOM, that the order prohibited placing any restrictions on unvaccinated students. Contempt is only committed if a person violates a court order that requires, in specific and definite language, that a person do or refrain from doing an act. *Martin v. Trinity Indus. Inc.*, 959 F.2d 45, 47 (5th Cir. 1992).

The language in the Consent Decree does not meet the specific and definite language that is required to hold a party in contempt. Since the term "reasonable safety measures" could include such things as masking requirements, testing requirements, quarantine requirements and restrictions on travel, VCOM will not be held in contempt for implementing those measures. Unlike the requirements the Court found excessive previously, these requirements allow the students to remain unvaccinated, to remain at VCOM, and to complete their academic

requirements. The validity of Willis' suspension for violating the mask mandate depends upon whether the mask mandate itself violated the Consent Judgment. Because this Court finds the mask mandate does not violate the Consent Judgment, there was a valid reason for Willis' suspension.

### III.   CONCLUSION

For the reasons set forth herein,

IT IS ORDERED that the Motion for Contempt and Motion to Enforce Consent Judgment [Doc. No. 52], filed by Hall, Magliulo and Willis, is **DENIED.**

MONROE, LOUISIANA, this 28th day of January 2022.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE